JONES, Appellant,

v.

ROCHE LABORATORIES et al., Appellees.

[Cite as *Jones v. Roche Laboratories* (1992), 84 Ohio App.3d 135.]

Court of Appeals of Ohio,
Montgomery County.

No. 13142.

Decided Dec. 2, 1992.

*Alex V. DeMarco,* for appellant.

*Thomas E. Jenks* and *John F. Haviland,* for appellees.

---

GRADY, Judge.

Georgeanna Jones appeals from a summary judgment dismissing her complaint against defendants Roche Laboratories and Steven B. Levitt, M.D.

On or about June 27, 1985, Dr. Levitt prescribed the drug Accutane for Jones. Accutane is manufactured by Roche Laboratories. Jones took the drug, as prescribed. She alleges that as a result she suffered adverse side-effects, including seizures.

Jones filed a complaint on December 14, 1989. She dismissed and refiled on December 14, 1990. Her complaint alleges that Roche Laboratories failed to adequately test Accutane for side effects and/or failed to warn of the side effects from which she suffered. She also alleges that Dr. Levitt was negligent in prescribing the drug and failing to warn her of the side effects. Jones alleges that had she known of the side effects she would not have taken the drug.

The trial court granted summary judgment to both defendants, on their motions. The court found, based on interrogatory responses by Jones, that she lacked expert opinion evidence necessary to establish that the alleged conduct of the defendants constituted a breach of their duties to her. Jones now appeals, arguing that the trial court erred in granting summary judgment.

■ Appellant Jones did not produce affidavits of qualified experts stating that either defendant had breached its duty of care. However, she claims that she had not concluded discovery. Appellant did not seek additional time for discovery or otherwise show why she could not present affidavits in response to the motions of defendants, as provided by Civ.R. 56(F). We note that considerable time had passed from the filing of the first complaint in December 1989 until the motions for summary judgment were filed in July and September 1991. That is ordinarily sufficient time to obtain supporting expert opinion. We cannot find that the trial court foreclosed appellant from making a proper response to the motions when it granted them in its order of October 10, 1991.

The only affidavit produced by appellant Jones in response to the motions of defendants was her own, in which she detailed her experience and stated her belief concerning the negligence she alleged. The affidavit attached copies of pages from medical literature in which the side effects of Accutane and the need of warnings are discussed. The trial court found her affidavit insufficient to withstand the motions for summary judgment.

■ Civ.R. 56 provides that summary judgment *shall* issue if on the record before the court there is no genuine issue as to any material fact and the moving

party is entitled to judgment as a matter of law. A motion may be made with or without affidavits. However, a party resisting a motion may not rest on his pleadings but must, by affidavit or otherwise, "set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E).

It is fundamental that a movant has the burden to demonstrate that he is entitled to the relief he seeks. When summary judgment is sought, the movant must show from the record before the court—the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, or any of those—that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law concerning an element for which the party against whom the motion is made bears the burden of proof at trial. When the party against whom a motion for summary judgment is made fails to rebut, Civ.R. 56(C) mandates the entry of judgment. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265; *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095.

In this case the motions for summary judgment challenged the existence of an element central to any case of alleged negligence: the breach of a duty of care owed by the defendants to the plaintiff.

The record before the trial court when each defendant moved for summary judgment was not extensive. It included interrogatories propounded by and on behalf of Dr. Levitt and the responses of plaintiff Jones to them. It included an affidavit from Dr. Levitt stating, in general terms, that he had not deviated from accepted standards of medical practice in treating Jones. It also included an affidavit of plaintiff Jones reciting her experiences and attaching a copy of a page from the medical literature concerning use of Accutane.

The claim against Dr. Levitt is a "medical claim." See R.C. 2305.-11(D)(3). In order to establish liability, a plaintiff must prove the standard of care in the medical community and a breach by the defendant of his duty of care. *Bruni v. Tatsumi* (1976), 46 Ohio St.2d 127, 75 O.O.2d 184, 346 N.E.2d 673. A witness is competent to give evidence on those matters only if he or she is a properly qualified medical expert. See R.C. 2743.43. Absent such evidence, liability cannot be established and the defendant is entitled to judgment.

The interrogatories propounded by Dr. Levitt asked for the identity of expert medical witnesses on whose testimony plaintiff Jones would rely at trial to establish defendant Levitt's liability. Plaintiff's responses make it clear that she had no such evidence. The interrogatories and responses were filed by Dr. Levitt in support of his motion for summary judgment. Defendant Levitt thereby established the grounds for his motion in the record contemplated by Civ.R. 56. Plaintiff Jones filed her motion contra with her own affidavit, but

failed to show that she has the necessary expert medical opinion. The trial court did not err in finding that, as demonstrated in the record, Jones lacked an element necessary to bear her burden of proof at trial and in granting summary judgment to defendant Levitt for that reason.

■ The claim against Roche Laboratories is one of strict products liability. To prove the claim, the plaintiff has the burden to show a defect in the product as it was manufactured and distributed by the defendant that proximately caused the plaintiff's injuries. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267. Plaintiff Jones alleged two defects: (1) the failure to adequately test for side effects and (2) the failure to warn of them.

Defendant Roche Laboratories first moved to dismiss the complaint against it for plaintiff's failure to provide discovery. This motion was ultimately denied by the trial court. While that motion was yet pending, Roche also filed a motion for summary judgment on September 3, 1991.

The Roche motion sought judgment "on the same grounds set forth in the motion for summary judgment previously filed in behalf of defendants Stephen B. Levitt, M.D. and Dermatologists of Southwestern Ohio, Inc.," that is, plaintiff's lack of a necessary expert. The motion purported to attach interrogatories propounded by Roche and responses by Jones, but none is in the record. The Roche motion otherwise relied on the pleadings in the complaint alleging the toxic properties of Accutane and alleging the failure of Roche to properly test the product and to provide physicians with adequate warnings for its use. Roche argued that plaintiff required an expert to prove those matters and that the record demonstrates that she does not have one.

The trial court granted the Roche motion, holding that because a pharmaceutical manufacturer's duty to warn is satisfied if an adequate warning is given to the prescribing physician, " 'only (a physician) or someone with similar expertise concerning pharmaceuticals would be qualified to determine whether or not the warning was adequate.' " (Quoting *Hill v. Squibb & Sons* [1979], 181 Mont. 199, 206, 592 P.2d 1383, 1387–1388.)

If there is a flaw in the trial court's reasoning it is not in its recitation of the law, but in finding from the record before it the factual predicates to which the law was applied. In order to put in issue the existence of an element necessary to plaintiff's burden of proof concerning tests and warnings, Roche was required to demonstrate from the record what those tests and warnings were and how, absent proof from the plaintiff, they were adequate to satisfy Roche's duty of care.

■ Defendant Roche seems to concede that it did not file its own interrogatories, as its motion represented, and relies instead on the Dr. Levitt interrogato-

ries and affidavit. However, the matter shown in those documents does not put in issue the existence of an element essential to the claim against Roche. They are limited to matters relevant to Dr. Levitt's alleged liability, and do not mention or concern product tests or warnings. Appellee Roche has now attached to its brief a copy of a "package insert" concerning Accutane. That was not before the trial court and we may not consider it on review. Roche points to the medical literature information attached to plaintiff's own affidavit, but also argues that plaintiff is not competent to offer such evidence, as the trial court apparently found. We agree with the latter view.

One who moves for summary judgment has the burden to put in issue the existence of an element essential to his adversary's case. When the element is a matter of fact, the movant must offer proof of the fact. That proof must be in the record contemplated by Civ.R. 56: the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, filed for record. The movant is not required to put it there, but it must be there or his motion cannot succeed. The burden then shifts to the party resisting the motion, who must present evidence to the contrary in order to preserve the issue. A movant cannot meet his burden simply by alleging that his adversary lacks evidence to rebut proof not in the record.

A drug manufacturer's primary responsibility is to provide adequate warnings concerning its product to prescribing physicians. See *Grover v. Eli Lilly & Co.* (1992), 63 Ohio St.3d 756, 591 N.E.2d 696. Had Roche supported its motion for summary judgment with evidence that such warnings were provided, plaintiff Jones would be required to show that warnings were not given or that warnings given were not reasonably adequate. As the trial court found, expert opinion evidence is necessary for that showing. However, the requirement is not imposed on Jones until Roche first makes its showing. As the record demonstrates no showing by Roche, there was no basis from which the trial court could require proof contra that of plaintiff Jones.

The trial court erred in granting summary judgment to defendant Roche. Appellant's assignment of error is sustained as to that judgment.

The judgment of the trial court will be affirmed as to defendant-appellee Levitt. It will be reversed as to defendant-appellee Roche Laboratories and remanded for further proceedings.

*Judgment accordingly.*

BROGAN and WOLFF, JJ., concur.