BARBEE, Appellant,

v.

FINERTY, Appellee.

[Cite as *Barbee v. Finerty* (1995), 100 Ohio App.3d 466.]

Court of Appeals of Ohio,
Third District, Defiance County.

No. 4–94–12.

Decided Jan. 30, 1995.

*Gretick, Bish, Lowe & Roth* and *Craig L. Roth,* for appellant.

*Jones & Bahret Co., L.P.A.,* and *Willis P. Jones, Jr.* and *Keith J. Watkins,* for appellee.

EVANS, Judge.

Plaintiff-appellant Adam L. Barbee appeals from summary judgment granted against him in his medical malpractice action brought against defendant-appellee William M. Finerty, Jr., D.P.M. The appellant contends that the appellee exceeded the scope of the practice of podiatry, and therefore should be held to the standard of care of a medical doctor. The appellee submits that the appellant failed to establish a *prima facie* case of medical malpractice due to the appellant's failure to present expert testimony establishing a deviation from the requisite standard of care and skill a podiatrist owes in his treatment of a patient, or expert testimony establishing that the appellee exceeded the scope of practice as delineated by R.C. 4731.51. For the reasons that follow, the judgment of the trial court is affirmed.

I

The undisputed facts, taken in a light most favorable to the appellant, follow. In early September 1983, the appellant, then about eight years old, sustained an injury to his left leg after tripping over an iron rod and falling onto the playground at his school. Complaining of pain approximately three inches below the left knee, where a small circle that felt "hot" developed, the appellant sought the care of the appellee, a doctor of podiatric medicine. Based on this information, the appellee performed a clinical examination of the appellant's left leg below the knee and ordered an x-ray of the appellant's lower left leg. The appellee's final diagnosis concluded that the lower leg was not fractured and that the pain was due to shin splints or a bone bruise. The appellee advised the appellant to avoid overexerting his left leg until the pain subsided. The appellant did not seek a second opinion after his visit with the appellee.

In March 1984, the appellant was pushed at school and fell on his left side. He experienced pain in his left hip and visited the Defiance Memorial Hospital. X-rays taken of the appellant's left hip revealed a closed displaced fracture base of the neck of the left hip with new bone and non-union of the calcar portion of the fracture and absence of circulation to the left femoral head and neck on the proximal side of the fracture. The hospital's final discharge report concluded that the appellant sustained the fracture during his September 1983 fall.

On September 21, 1992, the appellant instituted a medical malpractice action in the Court of Common Pleas of Defiance County against the appellee and the Bryan Medical Group,[1] alleging a failure to diagnose the fracture to the neck of the left femur, thereby allowing the appellant to walk for several months with an undetected, untreated, and nondisplaced fracture.

On August 30, 1993, the appellant moved for partial summary judgment on the issue that the appellee exceeded the scope of podiatry, and therefore should be held to the standard of care of a medical doctor. The appellee opposed the motion and also sought summary judgment, contending that the appellant: (1) failed to provide expert testimony demonstrating that the appellee exceeded the scope of the practice of podiatry; and (2) that the appellant failed to establish the requisite standard of care of a podiatrist. The trial court denied the appellant's motion for summary judgment and granted the appellee's motion for summary judgment. In granting summary judgment in favor of the appellee, the trial court ruled that expert testimony was required under the facts of this case to establish that the appellee rendered treatment within the meaning of R.C. 4731.51 (the statute governing the practice of podiatry.)

---

1. The Bryan Medical Group, Inc. was voluntarily dismissed from this action on June 24, 1994.

The appellee's affidavit in opposition to the foregoing facts stated that he did not treat the appellant. Also, in his motion package for summary judgment, the appellee attached the affidavits of two podiatrists, who both attested that: (1) the appellee did not exceed the scope of practice for podiatrists by seeing and examining the appellant's lower leg; and (2) that the appellee complied with the standards of practice and care for podiatrists. In particular, both of the appellee's expert affidavits indicated that R.C. 4731.51 only restricts treatment, but does not forbid a podiatrist from examining the lower leg of a patient to determine if there is an ailment of the muscles or tendons governing functions of the foot.

The appellant, in opposition to the appellee's motion for summary judgment, attached the deposition testimony and the affidavit of his expert, Mihran O. Tachdjian, M.D. Dr. Tachdjian's deposition testimony and affidavit indicate that the requisite standard of care for a physician requires a physician: (1) to conduct a careful clinical examination of the whole person (including his hip); (2) to x-ray the hip, which would have revealed the fractured hip; and (3) to subsequently diagnosis and treat the hip. In both his deposition testimony and his affidavit, Dr. Tachdjian criticized the appellee's care of the appellant. According to Dr. Tachdjian, the nonunion of the appellant's femoral neck was a direct and proximate result of the appellee's failure to diagnose and treat the appellant's left femoral neck fracture, which constituted a breach of the standard of care for a medical doctor.

On August 10, 1994, the trial court denied the appellant's motion for partial summary judgment, and granted the appellee's motion for summary judgment.

From this decision the appellant brings this appeal.

## II

The appellant asserts three related assignments of error for our review.

### Assignment of Error No. 1

"The trial court erred in ruling the defendant did not exceed the scope of podiatry in granting defendant's motion for summary judgment."

### Assignment of Error No. 2

"The trial court erred in granting the defendant's summary judgment motion where the defendant invaded the field of a medical doctor under R.C. 4731.41."

### Assignment of Error No. 3

"Since defendant exceeded the scope of podiatry and invaded the field of medical doctors as proscribed by R.C. 4731.41 and 4731.51, the trial court erred in

failing to hold defendant to the applicable standard of care of a medical doctor, as requested in plaintiff's motion for summary judgment."

Since the appellant's three assignments of error are substantially connected, they will be addressed together. The appellant submits that under R.C. 4731.51 (the practice statute), the appellee's deposition testimony acknowledging a clinical examination and an x-ray evaluation of the appellant's tibia, coupled with his diagnosis and advice relating to a bone bruise of the tibia, establishes, as a matter of law, that the appellee exceeded the scope of the practice of podiatry.

■ Under Civ.R. 56, summary judgment is proper when "(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to the party against whom the motion for summary judgment is made." *State ex rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 324, 4 O.O.3d 466, 470, 364 N.E.2d 267, 272. Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 358–359, 604 N.E.2d 138, 139–141. Summary judgment is appropriate when the nonmoving party does not "produce evidence on any issue for which that party bears the burden of production at trial." *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus. A reviewing court applies Civ.R. 56(C) to the evidence and allegations contained in the record. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 30 OBR 78, 79, 506 N.E.2d 212, 215.

■ Under Ohio law, in order to establish a prima facie case of medical negligence, a plaintiff must establish the following through expert testimony: (1) the standard of care recognized by the medical community; (2) a failure of the defendant/physician to meet the standard of care; and (3) a direct causal connection between the negligent act and the injury sustained. *Bruni v. Tatsumi* (1976), 46 Ohio St.2d 127, 131–132, 75 O.O.2d 184, 186–187, 346 N.E.2d 673, 677–678. See, also, *Ramage v. Cent. Ohio Emergency Serv., Inc.* (1992), 64 Ohio St.3d 97, 102, 592 N.E.2d 828, 832; *Hoffman v. Davidson* (1987), 31 Ohio St.3d 60, 62, 31 OBR 165, 167–168, 508 N.E.2d 958, 960–961.

R.C. 4731.41 prohibits the practice of medicine or surgery without a license. The practice of podiatry in Ohio is limited by statutory definition. R.C. 4731.51 provides:

"The practice of podiatry consists of the medical, mechanical, and surgical treatment of ailments of the foot, the muscles and tendons of the leg governing

the functions of the foot; and superficial lesions of the hand other than those associated with trauma. Podiatrists are permitted the use of such preparations, medicines, and drugs as may be necessary for the treatment of such ailments. The podiatrist may treat the local manifestations of systemic diseases as they appear in the hand and foot, but the patient shall be concurrently referred to a doctor of medicine or a doctor of osteopathic medicine and surgery for the treatment of the systemic disease itself. General anaesthetics may be used under this section only in colleges of podiatry approved by the medical board pursuant to section 4731.53 of the Revised Code and in hospitals approved by the joint commission on the accreditation of hospitals, or the American osteopathic association. The use of x-ray or radium for therapeutic purposes is not permitted."

The appellant submits that R.C. 4731.51 is not a proper subject matter for expert testimony. However, as explained by the Franklin County Court of Appeals in *Matthews v. Walker* (1973), 34 Ohio App.2d 128, 135, 63 O.O.2d 208, 212, 296 N.E.2d 569, 573:

"It can be seen that a podiatrist, pursuant to such empowering statute [R.C. 4731.51], is given considerably broader authority to treat ailments of the foot, the muscles, and the tendons of the leg governing functions of the foot. Such treatment, as set forth in such section [R.C. 4731.51], may be by medical, mechanical, or surgical means. * * * It becomes rather obvious that such section [R.C. 4731.51] permits a podiatrist to engage in a rather wide range of professional medical activities concerning the foot, leg and the hand, including surgical treatment. Such activities, we suggest, do in fact require an independent professional skill and judgment in the diagnosis and the treatment of certain physical ailments."

Given the broad sweep of the statute, we are hard pressed to determine, in the absence of expert testimony from the appellant, whether the appellee engaged in the treatment of the appellant, or for that matter, whether the appellee exceeded the scope of the statute. As noted in *Bruni*, 46 Ohio St.2d at 130, 75 O.O.2d at 186, 346 N.E.2d at 673, "[t]he issue as to whether the physician and surgeon has proceeded in the treatment of a patient with the requisite standard of care and skill must ordinarily be determined from the testimony of medical experts."

■ The appellant's attempt to link the appellee's alleged deviation from the scope of practice with the definitional practice statute, R.C. 4731.51, without attendant expert testimony, does not establish a prima facie case of medical negligence. See, *e.g.*, *Berdyck v. Shinde* (1993), 66 Ohio St.3d 573, 579–581, 613 N.E.2d 1014, 1021–1022, (while the definition of the practice of nursing is set forth by R.C. 4723.02[B], in a negligence action involving the professional skill and judgment of a nurse, expert testimony must be presented); *Willett v. Rowekamp* (1938), 134 Ohio St. 285, 286–287, 12 O.O. 91, 91–92, 16 N.E.2d 457,

458–459: ("While a failure to comply with the registration statute might subject the defendant to a criminal prosecution, such failure, coupled with a showing of treatment given, is not in itself sufficient on which to base a charge of malpractice.").

This medical negligence action involves the professional skill and judgment of the appellee. The appellant did not produce expert testimony demonstrating that the appellee proceeded in the treatment of the appellant; rather, the appellant merely points to the broadly written practice statute, R.C. 4731.51, expecting a layperson to discern whether the appellee's conduct constituted treatment. Under *Bruni* and its progeny, expert testimony is required to demonstrate that the doctor proceeded in the treatment of a patient.

In this case, the appellant's expert testimony established only the standard of care for a medical doctor, not a podiatrist. While a medical doctor is qualified to give the applicable standard of care of a podiatrist, see, *e.g., Alexander v. Mt. Carmel Med. Ctr.* (1978), 56 Ohio St.2d 155, 10 O.O.3d 332, 383 N.E.2d 564; *King v. LaKamp* (1988), 50 Ohio App.3d 84, 553 N.E.2d 701, Dr. Tachdjian readily admitted during his deposition that he had no knowledge of the applicable standard of care for podiatrists, nor even any knowledge of the minimum accepted procedures of diagnosis and treatment for podiatrists. Consequently, Dr. Tachdjian's lack of knowledge of the standards of podiatry precludes him from testifying as to the appellee's conformity with the standard of care of a podiatrist, or even whether the appellee did in fact treat the appellant. See *Alexander v. Mt. Carmel*, 56 Ohio St.2d at 160, 10 O.O.3d at 334–335, 383 N.E.2d at 567.

The affidavits submitted by the appellee attested to the requisite standard of care of a podiatrist, and stated that the appellee's examination of the appellant was performed in accordance with proper and accepted standards of podiatric care. Given the appellant's complete lack of pertinent expert testimony, the trial court properly granted summary judgment in favor of the appellee. See *Hoffman v. Davidson*, 31 Ohio St.3d at 62, 31 OBR at 167–168, 508 N.E.2d at 960–961.

The appellant's three assignments of error are overruled.

### III

Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment affirmed.*

SHAW, P.J., and BRYANT, J., concur.