ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
Plaintiffs-appellants Kenneth and Alta West, husband and wife, appeal from summary judgment entered by the trial court in favor of the defendants-appellees Cleveland Clinic Foundation and Dr. Iain H. Kalfas on plaintiffs' medical malpractice claim for injury during back surgery. The trial court granted summary judgment and dismissed the case on the grounds that plaintiffs failed to produce an expert report or testimony establishing the standard of care or breach thereof being the proximate cause of plaintiff's injuries. We find no error and affirm.
The plaintiffs originally filed this action on August 14, 1996. In October 1997, the trial court ordered the plaintiffs to produce an expert report by November 14, 1997. On December 8, 1997, after they failed to produce an expert report by the required date, the defendants filed a motion for summary judgment. On January 20, 1998, while that motion was pending, the plaintiffs voluntarily dismissed the action without prejudice.
On January 11, 1999, the plaintiffs refiled this action. On March 25, 1999, the trial court ordered the plaintiffs to produce an expert report by May 21, 1999[1] and set the case for trial on September 27, 1999. As of July 15, 1999, almost two months after the court's deadline, the plaintiffs still had not produced an expert report or requested an extension of time in which to do so.
On July 15, 1999, the defendants filed a motion for leave to file a motion for summary judgment instanter with an attached motion for summary judgment. The defendants sought summary judgment based on the plaintiffs' failure to produce an expert report in support of their claims. In an August 9, 1999 entry, the trial court granted the defendants' motion for leave to file the attached motion.
On September 1, 1999, following a pre-trial, the trial court issued a journal entry stating that plaintiffs "still has not produced report" and that the trial date of September 27, 1999 remained "firm". As the trial date approached, the plaintiffs still had not produced an expert report, moved for an extension of time, or responded to the defendants' motion for summary judgment. Finally, on September 24, 1999, only three days before trial, the plaintiffs filed a motion to continue the trial date for a minimum of ninety days to allow completion of discovery, to extend the time for the production of plaintiffs' expert report until September 27, 1999, and to allow fourteen days from that date to respond to the defendants' motion for summary judgment.
On September 29, 1999, the court denied the plaintiffs' motion and granted summary judgment in favor of the Clinic and Dr. Kalfas. The plaintiffs' motion to reconsider was denied and this timely appeal ensued.
Plaintiffs' sole assignment of error states as follows:
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFFS IN GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.
Appellate review of summary judgments is de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105; Zemcik v. La Pine Truck Sales Equipment (1998), 124 Ohio App.3d 581, 585. The Ohio Supreme Court recently restated the appropriate test in Zivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367, 369-70 as follows:
 Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274.
Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial". Civ.R. 56(E). Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383, 385. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-59.
Plaintiffs, in their three and one-half page brief on appeal argue in conclusory fashion several procedural and substantive points without citation to any authority or parts of the record on which they rely in violation of App.R. 16(A)(7). The thrust of these arguments seems to be that it was unfair to grant summary judgment without giving plaintiffs further time to file an expert report or oppose the summary judgment motion.
Plaintiffs argue that "[t]he allegations of the Complaint may be established without expert testimony". In other words, plaintiffs contend that allegations of the complaint are sufficient if established to allow a lay jury to infer medical malpractice from the circumstances alleged. We find this argument unpersuasive. Plaintiffs themselves describe this as "an action for medical malpractice" and their complaint alleges that medical care given by the defendants "fell below the acceptable and/or reasonably prudent standard of care". (Aplts' Brf. at 1; Complaint q 7). The plaintiffs simply conclude that "the allegations of the Complaint may be established without expert testimony". (Aplt's Brf. at 4). They offer no explanation or argument for their conclusion.
The lower court recognized that in the ordinary case where plaintiff is alleging substandard medical treatment, the plaintiff must provide expert medical opinion to establish a prima facie case. The plaintiff may not simply rest upon the allegations of medical negligence as stated in his complaint. Saunders v. Cardiology Consultants, Inc. (1990), 66 Ohio App.3d 418, 420; Hoffman v. Davidson (1987), 31 Ohio St.3d 60, 61; Guth v. Huron Road Hospital (1987), 43 Ohio App.3d 83, 84.
In McAlpine v. St. Vincent Charity Hosp. (Dec. 16, 1999), Cuyahoga App. No. 75509, unreported, this Court recently set forth the requirement of expert testimony in a medical malpractice claim as follows:
 A plaintiff in a malpractice action is required to provide expert testimony establishing the standard of care and that it was not met. Bruni v. Tatsumi (1976), 46 Ohio St.2d 127, 130. It is well established that "[f]ailure to provide the recognized standards of the medical community is fatal to the presentation of a prima facie case of medical malpractice by the Plaintiffs". Finley v. U.S.A.(N.D.Ohio. 1970), 314 F. Supp. 905, 911; Rogoff v. King (1993), 91 Ohio App.3d 438, 446; Jones v. Roche Laboratories (1992), 84 Ohio App.3d 135, 139; Copeland v. University Radiologists of Cleveland, Inc. (Apr. 22, 1993), Cuyahoga App. No. 62332, unreported at 11.
This requirement of expert testimony in a medical malpractice action also extends to the question of informed consent. The tort of lack of informed consent consists of the following elements:
 "(a) The physician fails to disclose to the patient and discuss the material risks and dangers inherently and potentially involved with respect to the proposed therapy, if any;
 (b) the unrevealed risks and dangers which should have been disclosed by the physician actually materialize and are the proximate cause of the injury to the patient; and
 (c) a reasonable person in the position of the patient would have decided against the therapy had the material risks and dangers inherent and incidental to treatment been disclosed to him or her prior to the therapy."
Stewart v. Cleveland Clinic Foundation (Nov. 24, 1999), Cuyahoga App. No. 75430, unreported, quoting Nickell v. Gonzalez (1985),17 Ohio St.3d 136.
"[I]n order to prevail on a claim for lack of informed consent, medical expert testimony is necessary to establish the significant risks which would have been disclosed to support the plaintiff's claim since the probability and magnitude of those risks is a matter of medical judgment beyond the knowledge of the lay person". Ratcliffe v. University Hospitals of Cleveland (Mar. 11, 1993), Cuyahoga App. No. 61791, unreported, citing Ware v. Richey (1983), 14 Ohio App.3d 3, 7. The court in Bedel v. Univ. OB/GYN Assoc., Inc. (1991), 76 Ohio App.3d 742, 744, similarly explained:
 Generally, the plaintiff has the burden of proving by expert medical evidence what a reasonable medical practitioner of the same discipline, practicing in the same or similar communities under the same or similar circumstances, would have disclosed to his patient about the risks incident to a proposed treatment, and of proving that the physician departed from that standard. Pierce v. Goldman (May 17, 1989), Hamilton App. No. C-880320, unreported. Proof of the recognized standards of the medical community must be provided through expert testimony. Bruni v. Tatsumi (1976), 46 Ohio St.2d 127.
Based on the above authorities, it is clear that medical malpractice claims, including those of lack of informed consent, require expert testimony. Accordingly, plaintiffs erroneously assert that they could establish such claims without expert testimony.
Plaintiffs also assert that they "were not under an obligation set by the court to provide a report by a date certain * * *." However, the trial court's journal entry dated March 25, 1999 states:
 P.T. had, both parties present. Pltf. to generate report by 3/21/99 [May 21, 1999]. Deft's report by 7/21/99. Trial set 9/27/99 at 8:30 a.m. F.P.T. 9/19/99 at 10:30 a.m.
Plaintiffs were, therefore, under an obligation to produce an expert report by May 21, 1999, the date of March 21st, being mistakenly inserted in the journal entry.
Plaintiffs' further assert that the defendants' motion for summary judgment "was not properly before the court because it was not filed a second time after the granting of leave". We find that this assertion is without legal support.
On July 15, 1999, the defendants moved for leave to file a motion for summary judgment "instanter" and attached the motion for summary judgment to the motion for leave. In that motion, which was served upon plaintiffs, the defendants specifically asked that the attached motion for summary judgment "be deemed filed as of the granting of this Motion without further filing or service upon any party or the court". The docket entry of August 9, 1999 indicates that the defendants' motion for leave to file motion for summary judgment instanter was "granted".
While plaintiffs now argue that the defendants' motion for summary judgment was not filed a second time, after the granting of leave, this Court has held that a trial court has discretion to treat, as filed, a motion for summary judgment attached to a request for leave to file same. See Burkes v. Stidham (1995),107 Ohio App.3d 363; Green v. Lewis (Sept. 3, 1998), Cuyahoga App. No. 74045, unreported.
In Burkes, supra, at 377, this Court stated:
 In their sixth assignment of error, appellants contend that the trial court erred in granting summary judgment for Stidham. Stidham requested leave to file his motion for summary judgment but did not then file his summary judgment motion.
 A review of the record shows Stidham attached a copy of his summary judgment motion to his request for leave to file. In the motion for summary judgment attached to the request for leave, Stidham adopted the arguments set forth in Adrine's motion for summary judgment. After the trial court granted this request, Stidham did not then file the motion.
 It was within the discretion of the trial court to deem the motion attached to the request as being filed.
In Green, supra, at f.n. 4, this Court, following the rationale in Burkes, stated:
 Relevant to the instant appeal, this court need not address whether appellees were required to file their motion for summary judgment after being granted leave to do so when a copy of the motion was attached to their motion for leave to file motion for summary judgment. Previously, this court has held that it is "within the discretion of the trial court to deem the motion attached to the request as being filed". Burkes v. Stidham (1995), 107 Ohio App.3d 363, 377.
Therefore, it was within the discretion of the trial court to treat defendants' motion for summary judgment attached to their motion for leave as filed. We find that the trial court did not abuse this discretion in considering defendants' motion as so filed.
Plaintiffs also assert that defendants' motion for summary judgment did not include supporting affidavits as required by Civ.R. 56. We find that, contrary to plaintiffs' assertion, the defendants did sufficiently support their motion for summary judgment.
It is well established that in order to sustain a medical malpractice action, the plaintiff is required to produce evidence by expert testimony to demonstrate all of the following:
(1) the acceptable medical standard of care;
(2)the defendant's breach of that standard; and
 (3) that plaintiff's injuries were proximately caused by defendant's breach.
Bruni v. Tatsumi (1976), 46 Ohio St.2d 127; Hubbard v. Laurelwood Hosp. (1993), 85 Ohio App.3d 607; Paul v. MetroHealth St. Luke's Medical Center (Oct. 25, 1998), Cuyahoga App. No. 71195, unreported.
This Court has previously held that in a medical malpractice action, the party seeking summary judgment is not required to negate or dispose of the non-moving party's claims, but only to demonstrate to the court the absence of a genuine issue of material fact.
In a case almost identical to the instant case, this Court recently held in Canty v. Affordable Chiropractic (Dec. 17, 1998), Cuyahoga App. No. 73763, unreported, that summary judgment is proper when the moving party alleges that the plaintiff failed to produce expert testimony in support of his malpractice claim. In Canty, the trial court established deadlines for the parties to provide each other with their experts and expert reports. However, after the deadline passed without an expert report from the plaintiff, the defendants moved for summary judgment alleging that the plaintiff failed to respond to discovery or produce an expert report with information about the standard of care in the chiropractic community. The plaintiff failed to respond to the summary judgment motions and the trial court granted them. This Court, in affirming the trial court's summary judgment order, specifically held:
 In order to obtain summary judgment on the ground that Canty could not prove its case, the defendants had to state the basis for their motion and demonstrate the absence of a genuine issue of material fact on an essential element of Canty's claim. Dresher at 293. In this case, the defendants alleged that Canty failed to produce expert testimony to support his malpractice claim. Such expert testimony is required in malpractice cases in Ohio in order to establish the applicable standards of care. See Barbee v. Finerty (1995), 100 Ohio App.3d 466, 470, discretionary appeal not allowed (1995), 72 Ohio St.3d 1530; Hubbard v. Laurelwood Hosp. (1993), 85 Ohio App.3d 607, 614, appeal dismissed (1993), 67 Ohio St.3d 1450; Morris v. Children's Hospital Medical Ctr. (1991), 73 Ohio App.3d 437, 444; Robb v. Community Mut. Ins. Co. (1989), 63 Ohio App.3d 803, 806. Establishing the applicable standard of care by expert testimony has been held to be essential to presenting a prima facie malpractice claim. Grote v. J.S. Mayer Co., Inc. (1990), 59 Ohio App.3d 44, 45-46. Because Canty failed to meet this burden, summary judgment was properly entered against him. See Dresher at 293. Canty's assignment of error is overruled.
In the instant case, the defendants sufficiently stated the basis for their motion and demonstrated that plaintiffs failed to establish a genuine issue of material fact as they could not produce expert testimony to support their malpractice claim. The defendants attached to their motion for summary judgment, the trial court's March 25, 1999 order setting a deadline for plaintiffs' expert report and an affidavit from counsel confirming that the trial court had ordered plaintiffs' to produce their expert reports on or before May 21, 1999. In their motion for summary judgment, the defendants argued, as they do on appeal, that plaintiffs could not establish their medical malpractice claim absent expert testimony and that, despite being given ample time to do so, they had not produced such expert report.
In McAlpine, supra, this Court similarly held:
 Because the plaintiff failed to provide expert medical testimony necessary to establish negligence and the causal link between the claimed negligence and his alleged injuries, there were no genuine issues of material fact as to the allegations of malpractice and/or negligence. Consequently, the lower court properly concluded that:
 In the absence of evidence on the supposed deviation from acceptable medical standards, there is no material issue of fact remaining in dispute and summary judgment in favor of Defendants is appropriate.
In this case, plaintiffs failed to produce an expert report in the more than three years since they initially asserted their malpractice claim or in the four months following the expiration of the court-imposed deadline. Under these circumstances, the trial court did not err in granting summary judgment. Plaintiffs could not establish their claim without expert testimony; they had adequate time and repeated opportunity to produce such testimony; yet they failed to do so in the face of a summary judgment challenging their claims.
Plaintiffs' sole assignment of error is overruled.
It is ordered that appellees recover of appellants their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________ JAMES M. PORTER, JUDGE
O'DONNELL, P.J., and JAMES D. SWEENEY, J., CONCUR.
[1] It appears that a typographical error on the docket sheet resulted in plaintiffs' expert deadline being listed as "March" 21, 1999, rather than "May" 21, 1999. However, plaintiffs do not dispute that the correct date was May 21st.