DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated appeal comes to us from a summary judgment issued by the Lucas County Court of Common Pleas in favor of a defendant in a medical malpractice action. Because we conclude that no genuine issues of material fact remain and appellee was entitled to judgment as a matter of law, we affirm.
 {¶ 2} Appellant, Juliet Sylvester, filed a medical malpractice action against Dr. Scott W. Siverhus and St. Vincent's Medical Center ("St. Vincent's") on behalf of plaintiffs' decedent, Virginia Sylvester. The action was based upon events following a hip replacement surgery and follow-up care provided to Virginia in September 1997. After discharge from the hospital, Virginia developed complications from a femoral artery occlusion which resulted in her death.
 {¶ 3} During a discovery deposition, appellant's expert witness, Dr. Edwin H. Season, opined that only if appellee, Dr. Siverhus, was aware of Virginia's condition as noted by the physical therapist's report on the day of discharge, then appellee was negligent in failing to diagnose and treat Virginia for the occlusion. Appellee averred by affidavit that, prior to discharge, he did not see and was not made aware of the therapist's progress notes which were placed in Virginia's chart.
 {¶ 4} In deposition testimony, the physical therapist testified that following Virginia's therapy session at 10:50 on the morning of the day of discharge, she noted in her report that Virginia had numbness and could not flex her foot at all. The therapist stated that after reports are written, either she or an aide would take them to be placed in a patient's chart. Although Virginia's report was entered on the day of discharge, the therapist could not specifically recall at what time the report was placed in her chart. The therapist also stated that she rarely communicated directly to the doctor or floor nurses. She further said that, to the best of her recollection, she had not communicated any of Virginia's conditions directly to appellee on the date of discharge.
 {¶ 5} Both St. Vincent's and appellee moved for summary judgment. Appellee argued that since he was not alerted to Virginia's condition by the physical therapist, he was absolved from liability for any later complications from the delay in treatment. In response, appellant argued that issues of fact remained regarding whether or not appellee was aware of Virginia's condition. Appellant filed the affidavit of Amy Sylvestri, Virginia's caretaker at the nursing home. Sylvestri averred that she had called appellee's office within one or two days after discharge to report numbness and lack of mobility in Virginia's left foot, but had received no response from Siverhus. The court granted summary judgment as to Dr. Siverhus, but denied the hospital's motion. Appellant now appeals that judgment, arguing that the trial court erred in granting summary judgment in favor of Siverhus. Appellant contends that genuine issues of material fact remain regarding whether or not Dr. Siverhus was aware of Virginia's condition and failed to treat her properly.
 {¶ 6} The standard of review of a grant or denial of summary judgment is the same for both a trial court and an appellate court.Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted if "the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of facts, if any, * * * show that there is no genuine issue as to any material fact" and, construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C).
 {¶ 7} In order to establish a medical malpractice claim, a plaintiff must show by a preponderance of the evidence that the injury complained of was the result of a defendant's negligence. To prove that negligence, a plaintiff in a malpractice action is required to provide expert testimony establishing the standard of care and that it was not met. Bruni v. Tatsumi (1976), 46 Ohio St.2d 127, 130. It is well established that failure to provide the recognized standards of the medical community is fatal to the presentation of a prima facie case of medical malpractice. Rogoff v. King (1993), 91 Ohio App.3d 438, 444;Jones v. Roche Laboratories (1992), 84 Ohio App.3d 135, 139.
 {¶ 8} In this case, the only expert testimony offered in response to appellee's motion for summary judgment was that appellee had breached the standard of care only if, at the time of discharge, he was "made aware of the [therapist's] findings" and had not "taken * * * appropriate steps" to treat Virginia's condition. No expert testimony was presented regarding the standard of care for post-discharge follow-up procedures or any duty to seek out the physical therapist's report prior to discharging Virginia. Thus, any information allegedly provided to appellee by Sylvestri after discharge is irrelevant to the standard of care elicited from appellant's expert.
 {¶ 9} After a thorough review of the record, we can find nothing that indicates appellee knew of the physical therapist's report at the time of Virginia's discharge. Appellee averred that he had not seen or been made aware of the findings in the report prior to discharge. The physical therapist recalled that she did not verbally report her findings to the doctor or nurse, and could not recall when the report would have been placed in Virginia's chart. No evidence was presented to show that these notes were placed on the chart prior to the time appellee would have seen the chart and discharged Virginia. Thus, nothing in the record demonstrates that appellee knew of the therapist's report at the time of discharge and failed to take appropriate action as a result of the information contained in the report. Consequently, appellant failed to meet her burden of proof, as established by her own expert, to demonstrate a prima facie claim against appellee for medical malpractice. Therefore, the trial court properly granted summary judgment in favor of appellee. Accordingly, appellant's assignment of error is found not well-taken.
 {¶ 10} The judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
Resnick and Pietrykowski, JJ., concur.