CLARK, APPELLANT, *v.* HAWKES HOSPITAL OF MT. CARMEL;
MUSSER, APPELLEE.

[Cite as Clark *v.* Hawkes Hospital (1984), 9 Ohio St. 3d 182.]

(No. 83-723—Decided February 15, 1984.)

Mr. *Russell H. Volkema* and Mr. *Hans Scherner,* for appellant.

*Komito, Nurenberg, Plevin, Jacobson, Heller & McCarthy Co., L.P.A.,* and Mr. *William A. Davis,* for appellee.

*Per Curiam.* Since the entry of summary judgment in the case *sub judice, Wyler* v. *Tripi, supra,* has been overruled. See *Oliver* v. *Kaiser Community Health Found.* (1983), 5 Ohio St. 3d 111. The lower courts applied the termination rule of *Wyler* to the facts in this case, using the termination of the doctor-patient relationship as the accrual point for the commencement of the one-year statute of limitations contained in R.C. 2305.11(A). The trial court granted the doctor's motion for summary judgment finding that the action was not timely commenced. The court of appeals affirmed. We are compelled to reverse this judgment based on the recent move to the discovery standard for medical malpractice claimants adopted in *Oliver.*

No longer may courts apply the termination of the doctor-patient relationship as the accrual point for medical malpractice causes of action. The court in *Oliver* expressed that under the discovery standard, "[a] cause of action for medical malpractice accrues and the statute of limitations commences to run when the patient discovers, or, in the exercise of reasonable care and diligence should have discovered the resulting injury." *Id.* at the syllabus.

*Oliver's* adoption of the discovery standard requires reversal and remand for further proceedings consistent with such standards. The facts which are before the court are not sufficient to determine whether the appellant discovered or should have discovered his resulting injuries more than one year before he commenced this action. In cases such as this courts must carefully examine a full record which addresses the discovery standard before entering any judgment.

Appellant and appellee each addressed this case based upon the old *Wyler* standard of termination. On remand the trial court will provide the parties the opportunity to address the appellant's actual or constructive discovery of the infection as a resulting injury of appellee's alleged malpractice. The statute of limitations contained in R.C. 2305.11(A) commences to run when a patient actually discovers or in the exercise of reasonable care and diligence should have discovered an injury which is the result of malpractice. The standard of reasonable care and diligence required by this test is that which is employed by an ordinary reasonably prudent person in like circumstances.

Therefore, the judgment of the court of appeals is reversed and the cause

184

is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.