McKEE, APPELLANT, ET AL. *v.* WILLIAMS, APPELLEE.

(No. 84AP-759 — Decided June 11, 1985.)

*Earl, Warburton & Adams* and *Robert L. Washburn, Jr.,* for appellant.

*Bricker & Eckler* and *Elbert J. Kram,* for appellee.

NORRIS, J. Plaintiff, Camille E. McKee, appeals from a partial summary judgment granted to defendant, Benjamin H. Williams, D.D.S., by the trial court on the basis that the filing of her claim was barred by the one-year statute of limitations for dental malpractice.

In her complaint, filed on October 6, 1983, plaintiff alleged that in 1975 she became a patient of defendant, a dentist, and received orthodontic treatment from him for several years and that, as the result of defendant's negligent care, she suffered injuries to her teeth, gums, and bones. In his answer, defendant alleged that his dentist-patient relationship with plaintiff ceased on January 31, 1980, denied negligence, and raised as a defense plaintiff's failure to state a claim upon which relief could be granted. Defendant subsequently moved for summary judgment on the ground that plaintiff had failed to file her claim within the one-year period of limitations

provided by R.C. 2305.11(A), for an action for malpractice against a dentist, referring to plaintiff's deposition as supporting documentation.

The trial court sustained the motion for summary judgment, concluding that plaintiff's cause of action accrued on the date she discovered or should have discovered her injury, and that she discovered her injury, at the very latest, on June 15, 1982.

Plaintiff raises one assignment of error:

"The trial court erred in sustaining defendant-appellee's Rule 56 motion for partial summary judgment because the evidence showed that there exists a genuine issue as to various material facts and that, construing the evidence most strongly in favor of plaintiff, Camille E. McKee, reasonable minds could have come to more than one conclusion. The conclusions that could be drawn from the evidence presented were not all adverse to the party against whom the motion for summary judgment was made and, accordingly, the appellee was not entitled to judgment as a matter of law."

We agree with the trial court's conclusion that the one-year limitation of R.C. 2305.11(A), as amended on March 15, 1982 to include dentists, applies under the circumstances of this case (see *Baird* v. *Loeffler* [1982], 69 Ohio St. 2d 533 [23 O.O.3d 458]), and that a cause of action arising for malpractice by a dentist accrues, and the statute of limitations commences to run, when the patient discovers, or in the exercise of reasonable care and diligence should have discovered, an injury which is the result of the malpractice. See *Clark* v. *Hawkes Hospital* (1984), 9 Ohio St. 3d 182, at 183; *Oliver* v. *Kaiser Community Health Found.* (1983), 5 Ohio St. 3d 111. What is to be discovered is a "legal injury" as opposed to the mere manifestation of a "physical injury." This concept of legal injury contemplates that the

plaintiff discover that he has been injured by the defendant's wrongful conduct, and this requires that there be discovery of (1) the existence (manifestation) of a physical injury, (2) the reason (cause) for the physical injury, and (3) the person responsible for the negligent act. See *Barker* v. *A. H. Robins Co.* (Jan. 17, 1985), Franklin App. No. 84AP-297, unreported, at page 11, fn. 1. It is against this standard, then, that we must examine plaintiff's deposition to determine if the trial court correctly concluded that there was no genuine issue of fact concerning plaintiff's discovery of her injury on June 15, 1982.

The trial court determined that plaintiff discovered her injury, at the very latest, on June 15, 1982, "when she was advised by Attorney Schlosser that she possessed a legitimate cause of action against the defendant." Apparently, this characterization by the court of plaintiff's meeting with her attorney is predicated upon these portions of her deposition:

"Q.  Did there come a point in time when he said that he thought you had a case?

"A.  Yes. Let's see. It was when —
* * *

"We had a meeting * * * on June 15th. He said the suit is worth $5,000 to $15,000.

"Q.  June 15th, what year, please?
"A.  1982. * * *
"* * *

"Q.  What happened at that time?
"A.  My notes indicate that he said four things: that the suit was worth $5,000 to $15,000; that we would have to secure another attorney with expertise * * *; that I should secure an expert, and he showed me a card with the name of a dentist who had offices in New York and Houston, and that would cost me approximately $1,000; and the fourth thing he said to me was that you have to find the 1975 X-rays * * *."

Later, in her deposition, plaintiff

said that "10/14/82 would be the time that I knew I had a legal case," referring to the date she was thoroughly examined by a periodontist, who was also an attorney at law.

Although the trial court's characterization of plaintiff's June 15 meeting is a logical construction which reasonably may be placed upon the testimony set out above, on summary judgment the court was required to construe the testimony most strongly in plaintiff's favor. This means that plaintiff was entitled to the benefit of a construction, if reasonable, which would result in this testimony being consistent with her later statement concerning the October 14 examination. Obviously, in view of the ambiguity present in counsel's opening question, and plaintiff's responses, her testimony concerning the June 15 meeting is capable of grounding two competing and reasonable constructions, one favorable to plaintiff's cause, and the other — the one adopted by the trial court — unfavorable. If one construes the testimony in a manner favorable to plaintiff, what plaintiff was told by her attorney on June 15 was that, while he thought her injury might have been caused by defendant's negligence,

any final decision in that regard would have to await and be predicated upon the advice of experts who would be capable of giving her a competent opinion.

While the trial court selected one of two competing constructions, it weighed the evidence, an exercise prohibited by Civ. R. 56. Because there was a genuine issue of fact as to whether plaintiff discovered her injury on June 15, 1982, or later on October 14, 1982, summary judgment was improper.

The assignment of error is sustained. The judgment of the trial court is reversed, and this cause is remanded to the trial court for further proceedings according to law and consistent with this opinion.

*Judgment reversed and cause remanded.*

REILLY, P.J., and STERN, J., concur.

STERN, J., retired Justice of the Supreme Court of Ohio, was assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.