HOFFMAN ET AL., APPELLANTS, *v.* DAVIDSON, APPELLEE.

[Cite as Hoffman *v.* Davidson (1987), 31 Ohio St. 3d 60.]

(No. 85-1762—Decided June 10, 1987.)

*Richard D. Goldberg* and *William Ramage,* for appellants.

*Harrington, Huxley & Smith, Susan Stanton Katz* and *John T. Dellick,* for appellee.

MOYER, C.J. The first issue presented by this appeal is whether summary judgment was properly granted where the plaintiffs-appellants failed to file opposing affidavits to establish that a genuine issue of material fact existed regarding whether Dr. Davidson breached a duty of care owed to Marie Hoffman.

Civ. R. 56(E) provides:

"* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

As we held in *Mathis* v. *Cleveland Public Library* (1984), 9 Ohio St. 3d 199, 202, 9 OBR 511, 514, 459 N.E. 2d 877, 880, this rule clearly provides that plaintiffs were required to file opposing affidavits or some evidence to place in issue the facts alleged in the Davidson affidavit.

Dr. Davidson qualified as an expert in podiatric medicine. By affidavit, he attested to his qualifications; explained the requisite standard of care of a podiatric surgeon; explained the steps he took to inform Marie Hoffman of the alternatives to surgery, the potential complications involved in the surgical procedure and the surgical procedure itself; stated that he reviewed this information with Mrs. Hoffman prior to the surgery; and further attested that his examination, diagnosis and surgery were performed in accordance with proper and accepted standards of podiatric care and treatment.

The only documents before the court in support of plaintiffs' claims were their complaint and their answers to Davidson's interrogatories.

Plaintiffs' listing of doctors upon whom they intended to rely to support their claims was not sufficient to counter Davidson's affidavit. Plaintiffs included no doctor's reports in their answers to the interrogatories and, therefore, there was no genuine issue of fact presented to the trial court. Dr. Davidson's affidavit, absent any opposing medical expert testimony, established the standard of care and his conformance thereto. Furthermore, Mrs. Hoffman prevented Dr. Davidson from performing any follow-up care by choosing to go to St. Elizabeth Hospital Medical Center. We have previously held that expert testimony is ordinarily needed to establish the requisite standard of care and skill a physician owes in his treatment of a patient. *Bruni* v. *Tatsumi* (1976), 46 Ohio St. 2d 127, 75 O.O. 2d 184, 346 N.E. 2d 673.

The final issue presented by this appeal is whether plaintiffs' claims were timely filed. R.C. 2305.11(A) provides:

"An action for * * * malpractice, including an action for malpractice against a physician, podiatrist, * * * shall be brought within one year after the cause thereof accrued * * *."

Appellants contended that, based on this court's decision in *Oliver* v. *Kaiser Community Health Found.* (1983), 5 Ohio St. 3d 111, 5 OBR 247, 449 N.E. 2d 438, and *Bruni* v. *Tatsumi, supra,* the statute of limitations did not begin to run until February 9, 1983, when Mrs. Hoffman received a medical report and discovered the extent of her injuries and the alleged substandard care rendered by Dr. Davidson.

The appellate court below determined that the statute of limitations began to run on November 4, 1982, when Marie Hoffman discovered the injury. This exact issue was clarified in *Richards* v. *St. Thomas Hospital* (1986), 24 Ohio St. 3d 27, 24 OBR 71, 492 N.E. 2d 821, wherein we stated, at 28, 24 OBR at 72, 492 N.E. 2d at 823:

"Thus, *Oliver* does not rely exclusively on the patient's actual discovery of the malpractice alleged; rather, the cause of action accrues when the physical injury complained of is or should have been discovered by the patient."

In the case at bar, Mrs. Hoffman discovered her injury the morning following Dr. Davidson's surgery. Davidson's affidavit, which describes Hoffman's contact with him the day following surgery, supports that conclusion. She called him two times and then visited his office. She was admitted to St. Elizabeth Hospital Medical Center later in the day. The fact that Mrs. Hoffman contacted an attorney, who sent a letter to Dr. Davidson dated November 15, 1982 that informed the doctor Mrs. Hoffman would be pursuing a lawsuit against him, not only strongly suggests Hoffman was aware of the alleged malpractice but, more importantly, given the issue presented herein, verifies that Hoffman was aware of her injury prior to February 1983.

We apply the law of *Richards, supra,* and affirm the judgment of the court of appeals.

*Judgment affirmed.*

LOCHER, HOLMES, WRIGHT and H. BROWN, JJ., concur.

SWEENEY and DOUGLAS, JJ., dissent.

DOUGLAS, J., dissenting. Because I believe that the majority opinion misapplies and misconstrues the discovery rule as announced in *Oliver* v. *Kaiser Community Health Found.* (1983), 5 Ohio St. 3d 111, 5 OBR 247, 449 N.E. 2d 438, I dissent.

The majority today holds that the one-year medical malpractice limitations period embodied in R.C. 2305.11(B) begins to run when the patient discovers or should have discovered the injury. This is an incorrect application of the discovery rule as set forth in *Oliver, supra.*

An examination of *Oliver* reveals that it is not the discovery of the *injury* that begins the running of the statute of limitations. The limitations period does not begin to run until the patient discovers the *malpractice* which caused the injury. It is true that in some cases, the discovery of the injury and of the malpractice may be simultaneous, as in the classic case of a surgical sponge left in the body of the patient which the patient reasonably does not discover until after the expiration of the limitations period. Such an injury is so strongly indicative of malpractice that it could be said that discovery of the injury is concomitant with the discovery of malpractice. However, in many cases the injury will be immediately obvious, but the patient will have no reason to suspect that the injury was actually caused by malpractice until after the limitations period has passed. The *Oliver* decision was intended to embrace *both* situations by allowing either of such patients to file a malpractice action within one year after he knew or should have known *of the malpractice* which caused the injury. The opening paragraph of the *Oliver* opinion is instructive:

"The narrow issue raised by this appeal is whether a cause of action for medical malpractice pursuant to R.C. 2305.11(A) accrues upon the termination of the medical relationship or upon the time of the discovery *of the malpractice.*" (Emphasis added.) *Id.* at 112, 5 OBR at 248, 449 N.E. 2d at 439.

This and other statements in the *Oliver* opinion make it clear that it is the discovery of the malpractice which caused the injury, not just of the injury, which begins the running of the statute of limitations. See, also, *Clark* v. *Hawkes Hospital* (1984), 9 Ohio St. 3d 182, 9 OBR 467, 459 N.E. 2d 559, in which it was stated that "[t]he statute of limitations contained in R.C. 2305.11(A) commences to run when a patient actually discovers or

in the exercise of reasonable care and diligence should have discovered an injury which is the result of malpractice." *Id.* at 183, 9 OBR at 468, 459 N.E. 2d at 561. In *Saunders* v. *Choi* (1984), 12 Ohio St. 3d 247, 12 OBR 327, 466 N.E. 2d 889, we cited *Oliver, supra,* for the proposition that the pertinent discovery date is that on which the *malpractice* is discovered. *Id.* at 248, 12 OBR at 328, 466 N.E. 2d at 890, fn. 1.

The majority's reliance on *Richards* v. *St. Thomas Hospital* (1986), 24 Ohio St. 3d 27, 24 OBR 71, 492 N.E. 2d 821, is misplaced. This court's decision therein barring the patient's cause of action as untimely filed was based on our finding that the patient "alleged nothing which reasonably suggests that he should not have discovered the alleged malpractice within the one year prescribed by R.C. 2305.11(A), had he been diligent." *Id.* at 28-29, 24 OBR at 72, 492 N.E. 2d at 823. Thus, *Richards* merely applies the *Oliver* discovery rule, finding that the patient therein *should have* discovered the *malpractice* before the limitations period expired. The instant cause is completely distinguishable from *Richards*. Appellants herein contend that the alleged malpractice in this case was not discovered, in the exercise of reasonable diligence, until on or about February 9, 1983, less than a year before the filing of the instant complaint. If this contention is believed, appellants' complaint was timely filed, since the malpractice was reasonably discoverable less than one year before the date of filing. Therefore, I am persuaded that the instant cause is not a proper one for summary judgment.

SWEENEY, J., concurs in the foregoing dissenting opinion.