Plaintiff-appellant William McAlpine appeals, pro se, from the summary judgment entered by the trial court in favor of defendants-appellees St. Vincent Charity Hospital and its emergency room physician, Pamela Grim, M.D., on plaintiff's claim of medical malpractice at the hospital's emergency room. Plaintiff claims that disputed issues of fact precluded summary judgment and that the trial court acted improperly and should have recused itself from the case. We find no error and affirm.
On January 30, 1996, plaintiff was brought into the hospital emergency room by two bounty hunters. He had been detained on a warrant for his arrest after he had missed his original court date. He was later convicted of grand theft and served his sentence at Belmont prison in St. Clairsville, Ohio
From the emergency room medical records, it appears that plaintiff was brought to the hospital for treatment for several lacerations to the front and back of his head. These wounds resulted from being hit over the head with a flashlight by the bounty hunters. He was treated by emergency room nurses and defendant, Dr. Grim. His wounds were superficial and required several sutures. He refused a tetanus shot.
The bounty hunters then took plaintiff to the police station. Although plaintiff contends he received terrible treatment at the emergency room, he came back to the hospital on March 4, 1996 to have his ten stitches removed. He also returned to the hospital for a third time on August 12, 1996 to have his left eye examined. No problems were found with his eye and he was diagnosed with subjective visual disturbance.
This suit was brought by plaintiff, pro se, on October 27, 1997. His complaint contained numerous allegations that essentially amounted to medical malpractice on the part of the hospital and Dr. Grim. His principal contention appeared to be that the hospital personnel violated R.C. 2921.22 (A) and (B) which requires a physician or nurse to report gunshot or stab wounds to law enforcement authorities. Defendants' answer denied liability in the care and treatment of plaintiff. Both plaintiff and defendants filed motions for summary judgment. The lower court denied plaintiff's motion and granted defendants' motion with an opinion that found that plaintiff failed to provide any expert testimony regarding the alleged failure of care. Plaintiff has timely appealed the lower court's ruling.
We will address plaintiff's assignments of error in the order presented and together where appropriate to the discussion.
 I. THE COURT IMPROPERLY RESOLVED FACTUAL DISPUTES IN GRANTING SUMMARY JUDGMENT.
 II. THE COURT IMPROPERLY FUNCTION [SIC] AS A JUDICIARY.
Appellate review of summary judgments is de novo. Grafton v.Ohio Edison Co. (1996), 77 Ohio St.3d 102. 105; Zemcik v. La PineTruck Sales Equipment (1998), 124 Ohio App.3d 581, 585. The Ohio Supreme Court recently restated the appropriate test inZivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367, 369-70 as follows:
 Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp.
(1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274.
Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56 (E). Mootispaw v.Eckstein (1996), 76 Ohio St.3d 383, 385. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 358-59.
Plaintiff claims that the trial court resolved disputed issues of fact and failed to function properly when presented with cross-motions for summary judgment. We disagree.
The lower court recognized that in a case where plaintiff is alleging substandard medical treatment, the plaintiff must provide expert medical opinion to rebut the defendant's expert opinion that the care fell within the appropriate standards. In the case at bar, the defendants provided an expert opinion from Dr. Grim stating that the standard of care was appropriate in treating plaintiff's injuries. Plaintiff failed to offer any expert opinion to rebut this. We note that plaintiff's appellate brief fails to even address this important issue or recognize existing Ohio law in this area. The plaintiff may not simply rest upon the allegations of medical negligence as stated in his complaint. Saunders v. Cardiology Consultants, Inc. (1990),66 Ohio App.3d 418, 420; Hoffman v. Davidson (1987). 31 Ohio St.3d 60,61; Guth v. Huron Road Hospital (1987), 43 Ohio App.3d 83,84. In Hoffman, supra, the Ohio Supreme Court held that an affidavit of a treating physician is a legally sufficient basis upon which to grant a motion for summary judgment in a medical malpractice action absent any opposing affidavit of a qualified expert witness for the plaintiff. Id. at 62.
A plaintiff in a malpractice action is required to provide expert testimony establishing the standard of care and that it was not met. Bruni v. Tatsumi (1976), 46 Ohio St.2d 127, 130. It is well established that "[f]ailure to provide the recognized standards of the medical community is fatal to the presentation of a prima facie case of medical malpractice by the Plaintiffs."Finley v. U.S.A. (N.D. Ohio 1970), 314 F. Supp. 905, 911; Rogoffv. King (1993), 91 Ohio App.3d 438, 446; Jones v. RocheLaboratories (1992), 84 Ohio App.3d 135, 139; Copeland v.University Radiologists of Cleveland, Inc. (April 22, 1993), Cuyahoga App. No. 62332, unreported at 11.
Because the plaintiff failed to provide expert medical testimony necessary to establish negligence and the causal link between the claimed negligence and his alleged injuries, there were no genuine issues of material fact as to the allegations of malpractice and/or negligence. Consequently, the lower court properly concluded that:
 In the absence of evidence on the supposed deviation from acceptable medical standards, there is no material issue of fact remaining in dispute and summary judgment in favor of Defendants is appropriate.
We find no merit to plaintiff's argument that the hospital personnel failed to report his injuries to the police as required by R.C. 2921.22. There is no evidence that the failure to report was the proximate cause of any injury to plaintiff. In any event, the bounty hunters delivered plaintiff to the custody of the police after he was treated at the hospital. Therefore, there was no prejudice to plaintiff from the hospital personnel's failure to report to police.
Plaintiff's Assignment of Error I and II are overruled.
 III. THE TRIAL COURT OVERRULED PLAINTIFF'S MOTION FOR RECUSAL FEBRUARY 23, 1998 AT THE CASE MANAGEMENT CONFERENCE.
Plaintiff filed a motion for recusal seeking to have the trial judge recused from the case. We find from a review of the record that the lower court correctly denied that motion, as there was no evidence to suggest bias on the part of the lower court.
The evidence offered to support the motion for recusal was an affidavit from a Linda J. Taylor. Taylor states she was at a pretrial in another case involving plaintiff and the Al Bonding Company, who employed the two bounty hunters that captured plaintiff. Her affidavit purports to assert an alleged friendship between the trial judge herein and someone named Don Shury, who allegedly is the owner of the Al Bonding Company. This affidavit, however, does not suggest any relationship between the trial judge and the defendants herein. There is no evidence before this Court that the trial judge had any personal relationship with any of the defendants in the case at bar.
The Supreme Court has held that absent some affirmative indication that a judge's friendship with a potential witness in a pending action will affect that judge's consideration of the case, the court would not establish a rule that mandates a judge's disqualification based on the existence of the friendship. In re Disqualification of Bressler (1997), 81 Ohio St.3d 1215. In the case of In re Disqualification of Economous
(1991), 74 Ohio St.3d 1230, the Supreme Court held that the mere existence of a friendship between a judge and an attorney or between a judge and a party will not disqualify the judge from cases involving that attorney or party. The Supreme Court of Ohio has unequivocally held that mere friendship between the judge and the owner of the bonding company, absent some "affirmative indiction" of a bias on the part of the judge, it was proper for him to deny plaintiff's motion for recusal.
Furthermore, the Chief Justice of the Supreme Court of Ohio, or his designee, has exclusive jurisdiction to determine a claim that a common pleas judge is biased or prejudiced. Section 5 (C), Article IV, Ohio Constitution; Jones v. Billinhmam (1995),105 Ohio App.3d 8, 11. By not submitting an affidavit of prejudice to the Ohio Supreme Court as required by R.C. 2701.03, the plaintiff waived any error regarding the trial judge's denial of his motion to recuse. Bland v. Graves (1994), 99 Ohio App.3d 123, 132; Statev. Rojas (Dec. 29, 1995), Hamilton App. No. C-950091, unreported.
Plaintiff's Assignment of Error III is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the court of common pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to rule 27 of the rules of appellate procedure.
JAMES D. SWEENEY. J., and
BLACKMON. J. CONCUR.
 _________________________ JAMES M. PORTER ADMINISTRATIVE JUDGE