Plaintiff/appellant Mae Slack is appealing from a summary judgment decision entered by the Common Pleas Court of Miami County, in favor of the defendant/appellee Reginald Burton, M.D., and against appellant on her medical malpractice claim., Appellant filed her complaint on December 19, 1997, alleging negligence in the performance of a laparoscopic cholecystectomy on September 9, 1993, and negligence in failing to monitor appellant after the procedure and failing to initiate procedures to correct the injuries sustained by appellant during surgery. On January 20, 1998, appellee filed his answer to the complaint denying any allegations of negligence.
The trial court filed an order on March 16, 1998, that states in pertinent part:
 "The Court having considered the Scheduling Letters timely returned does now make the following orders:
 Plaintiff(s) to disclose all experts by: July 1, 1998
 Defendant(s) to disclose all experts by: Sept. 1, 1998
Discovery Deadline: Nov. 2, 1998
 Motion for Summary Judgment Deadline: Dec. 15, 1998
 Response to Summary Judgment Deadline: Pursuant to Local Rule 3.04
 * * * * * * * * * * * * * * * Trial Date: Tuesday, January 26, 1999, at 9:00 a.m. for an estimated five (5) days to a Jury. * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
 * * * * * * * * * *
Although the trial court filed an amended order on April 28, 1998, it did not materially change the original order. However, a notice of stay was filed in the trial court on July 14, 1998, as a result of the liquidation of appellee's insurer P.I.E. Mutual Insurance Company and this matter was stayed until September 23, 1998. On November 16, 1998, the trial court issued another order providing in relevant part that Plaintiff was to disclose all experts by June 15, 1999, and establishing a discovery deadline of September 20, 1999; further, a motion for summary judgment deadline of November 1, 1999, was mandated, and a response to summary judgment deadline was indicated pursuant to Local Rule 3.04.
A motion for summary judgment was filed by appellee on August 3, 1999, with supporting affidavits of Appellee Reginald Burton, M.D., and counsel Robert F. Cowdrey. In his affidavit appellee stated that "it is his opinion within a reasonable medical probability that the performance of said surgery was in accordance with acceptable standards of care of a physician specializing in general surgery." In addition to other statements pertaining to appellant's post-operative care, appellee stated that "based upon his education, training and experience, it is his opinion within a reasonable medical probability that the evaluation, care and treatment that he provided to Mae Slack following surgery on September 9, 1993 and up until December 5, 1994 was in accordance with acceptable standards of care of a physician specializing in general surgery."
The Cowdrey affidavit indicates that as appellee's attorney he prepared Interrogatories requesting identification of all experts who will testify that appellee departed from the standard of care and he forwarded those Interrogatories to counsel for appellant on January 15, 1998. He further stated that he subsequently sent letters requesting answers to the Interrogatories on December 17, 1998, and May 3, 1999. Cowdrey's affidavit also stated that although the November 16, 1998, order required that appellant disclose all experts by June 15, 1999, such disclosure had not occurred as of the August 2, 1999 date of his affidavit.
The trial court granted appellee's motion for summary judgment in an entry filed August 27, 1999. Appellant filed a timely notice of appeal and asserted the following assignments of error:
 1. THE TRIAL COURT IN THIS CASE COMMITTED PREJUDICIAL ERROR WHEN IT GRANTED A MOTION FOR SUMMARY JUDGMENT WITHOUT SETTING A HEARING DATE OR GIVING THE NON-MOVING PARTY NOTICE OF A DATE ON WHICH THE MOTION WOULD BE DEEMED SUBMITTED FOR DECISION.
 2. THE TRIAL COURT IN THIS CASE COMMITTED PREJUDICIAL ERROR WHEN IT GRANTED A MOTION FOR SUMMARY JUDGMENT ON ALL COUNTS OF PLAINTIFF'S COMPLAINT WHEN THE SUPPORTING AFFIDAVIT DID NOT ADDRESS ONE OF THE ALLEGATIONS OF NEGLIGENCE.
As to Appellant's first assignment of error alleging that the trial court granted summary judgment without setting a hearing or submission date for the motion, the November 16, 1998, order of the trial court provides that the response to summary judgment deadline is pursuant to Local Rule 3.04. Miami County Rules 3.03 and 3.04 are both applicable to the issue presented in this assignment of error and state:
 3.03 HEARING AND SUBMISSION OF MOTIONS
All motions shall be accompanied by a brief or memorandum stating the grounds thereof and citing the authorities relied upon. The opposing counsel or party may file an answer brief or memoranda by the fourteenth day after the day on which the motion was filed. The moving party may file a reply brief by the twenty-first day following the day on which the original motion was filed. On the twenty-first calendar day after the original motion was filed, the motion shall be deemed submitted to the Judge to whom the case is assigned. Unless ordered by the court, oral arguments will not be allowed except upon leave of the Trial Judge upon written request by a party prior to submission and the time of hearing and length of such argument shall be fixed by said Judge. This rule shall apply to all motions except as otherwise provided herein. The Clerk is orderednot to accept for filing motions not in conformancewith this rule. This rule does not apply to pending divorce, legal separation or annulment cases.
 3.04 SUMMARY JUDGMENT
Unless otherwise ordered by the court, motions for summary judgment shall be heard on briefs and other materials authorized by Civil Rule 56(C) without oral arguments twenty days after filing of the motion with the Clerk. If an adverse party also files motions for summary judgment, the hearing date shall be extended to twenty days from the date of filing with the Clerk. All pleadings must be served upon opposing parties as required by Civil Rule 5."
This court specifically addressed this issue in Ashworthv. Village of Enon (October 18, 1995), Clark App. No. 95-CA-43, unreported, determining that Civil Rule 56 does not require an oral hearing on every summary judgment motion, even where a party has formally requested such a hearing.Ashworth also states:
 In some counties, the local rules provide constructive notice to the party opposing summary judgment of the date after which the motion may be decided. Typically, the local rule provides that motions, including motions for summary judgment, will be deemed submitted after a specified number of days have passed after the filing date. The non-moving party is thereby apprised of the date within which he or she must respond.
Id. at p. 2. We conclude that the Miami County Local Rule does give the non-moving party notice of the date after which a summary judgment motion will be decided, as well as the deadline for a response to such motion. Accordingly, we find that appellant's first assignment of error is overruled.
In appellant's second assignment of error, she contends that the trial court erred in granting the motion for summary judgment because the supporting affidavit did not address the allegation of negligence set forth in Count Two of the Complaint which refers to "monitoring the Plaintiff and instituting corrective procedures to correct the injuries suffered by the Plaintiff during surgery." In reviewing appellee's Affidavit, we find that the Affidavit expressly states that the evaluation, care and treatment that he provided from surgery until appellant's last visit to him was in accordance with acceptable standards of care for a physician specializing in general surgery. Appellant provided no evidence to contradict appellee's statement.
The party moving for summary judgment has the burden of establishing that material facts are not in dispute and that no genuine issue of fact exists. Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64, 66; Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115. Once the moving party has met its initial burden, a non-moving party cannot rest on the assertions contained in the pleadings, but must set forth specific facts showing a triable issue of fact. Dresher v. Burt (1996), 75 Ohio St.3d 280,293; Mitseff, supra.
In a malpractice action a plaintiff is required to provide expert testimony establishing the appropriate standard of care and that there was a departure from such standard of care which proximately caused injury or damage. Bruni v. Tatsumi (1976),46 Ohio St.2d 127, 130. The plaintiff cannot rest upon the mere assertions of medical negligence in the complaint in response to evidence presented in support of a motion for summary judgment.Hoffman v. Davidson (1987), 31 Ohio St.3d 60, 61; Saunders v.Cardiology Consultants, Inc. (1990), 66 Ohio App.3d 418, 420.
Therefore, we find that the trial court properly granted appellee's motion for summary judgment and appellant's second assignment of error is overruled.
GRADY, P.J., and YOUNG, J., concur.
(Hon. George M. Glasser, Retired from the Court of Appeals, Sixth Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).