OPINION
{¶ 1} In this accelerated calendar case, appellant, Clara Diakakis, appeals the judgment entered by the Trumbull County Court of Common Pleas. The trial court granted a motion for summary judgment filed by appellees, Dr. Kimber L. Mackenzie, DMV ("Dr. Mackenzie") and Western Reserve Veterinary Hospital.
 {¶ 2} Appellant took her dog ("Leo") to Western Reserve Veterinary Hospital for treatment. There, Dr. Mackenzie performed surgery on Leo. Unfortunately, Leo died after the surgery. Appellant retrieved Leo's body and took it to another veterinarian, Dr. Singh, for an autopsy. Leo died from complications from pneumonia.
 {¶ 3} Appellant filed a complaint against appellees for negligence and breach of contract. After filing their answer, appellees filed a motion for summary judgment. Attached to their motion for summary judgment was an affidavit from Dr. Mackenzie. Therein, she states that she fully complied with the applicable standard of care for veterinarians. She also suggests that Leo's death could have been caused by appellant's failure to follow the pre-surgery instructions.
 {¶ 4} Appellant filed a response in opposition to appellees' motion for summary judgment. Attached to the response was an affidavit from appellant and a necropsy report signed by Dr. Singh. In her affidavit, appellant states that Dr. Singh told her that Dr. Mackenzie was negligent in her treatment of Leo.
 {¶ 5} Appellees filed a reply brief, wherein they argue that appellant did not meet her burden of providing evidence demonstrating that Dr. Mackenzie was negligent.
 {¶ 6} In response to appellees' reply brief, appellant filed a "submission of expert report." Attached to the pleading was an unsworn letter from Dr. Singh to Attorney Masek, appellant's counsel. In the letter, Dr. Singh concluded, "[the] most likely reason left [for Leo's death] is the aspiration of gastro-intestinal contents into the lungs while the animal was under the effect of anesthesia, especially in the post-operative recovery time." Then, appellant filed a reply contra to appellees' reply brief in support of summary judgment. In her reply, she argued that summary judgment was not appropriate due to the evidence she submitted, including: her affidavit, the necropsy report, and Dr. Singh's letter.
 {¶ 7} Finally, appellees filed a supplemental reply brief. They again asserted that appellant failed to provide sufficient evidence to establish a genuine issue of material fact for trial.
 {¶ 8} After reviewing the parties' submissions, the trial court granted appellees' motion for summary judgment.
 {¶ 9} Appellant has timely appealed the trial court's judgment. On appeal, she raises the following assignment of error:
 {¶ 10} "The trial court erred to the prejudice of appellant in its grant of appellees' Rule 56 motion supported by defendants-appellees' affidavit characterized as expert veterinary testimony."
 {¶ 11} Pursuant to Civ.R. 56(C), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[1] In addition, it must appear from the evidence and stipulations that reasonable minds can come to only one conclusion, which is adverse to the non-moving party.[2]
The standard of review for the granting of a motion for summary judgment is de novo.[3]
 {¶ 12} In Dresher v. Burt, the Supreme Court of Ohio set forth a burden-shifting exercise to occur in a summary judgment determination. Initially, the moving party must point to evidentiary materials to show that there are no genuine issues of material fact and they are entitled to judgment as a matter of law.[4] If the moving party meets this burden, a reciprocal burden is placed on the non-moving party to show that there is a genuine issue of fact for trial.[5]
 {¶ 13} "In order to establish negligence by a veterinarian, a party must show `that the injury complained of was caused by the doing of a particular thing that a veterinarian of ordinary skill, care and diligence would not have done under like or similar circumstances, or by the failure or omission to do some particular thing that such veterinarian would have done under like or similar circumstances.'"[6]
 {¶ 14} Through Dr. Mackenzie's affidavit, appellees met their initial burden of showing that there was no genuine issue of material fact on the issue of whether appellees were negligent in the treatment of Leo. Dr. Mackenzie stated that she complied with the applicable standard of care for veterinarians.
 {¶ 15} Appellant argues that Dr. Mackenzie's affidavit was self-serving and unreliable. As a licensed veterinarian, she was competent to testify as an expert as to the applicable standard of care for veterinarians.[7] In Hoffman v. Davidson, the Supreme Court of Ohio held that a defendant-doctor's affidavit was sufficient to shift the burden to the plaintiff in a summary judgment exercise where the doctor attested to his qualifications, explained the procedure, and swore that his treatment was within the accepted standards of care.[8] InMarcum v. Holzer Clinic, Inc., the Fourth Appellate District followed the court's holding in Hoffman v. Davidson and held:
 {¶ 16} "Thus, in the absence of an opposing affidavit of a qualified expert witness for the plaintiff, the affidavit of a defendant-treating physician attesting to his compliance with the applicable standard of care presents a legally sufficient basis upon which a trial court may grant a summary judgment motion in a medical malpractice action."[9]
 {¶ 17} Dr. Mackenzie's affidavit was self-serving, as are many affidavits. However, a self-serving affidavit does not render the expert opinion incompetent or inadmissible, rather, the self-serving nature of the opinion is an issue going to the credibility of the witness that is left for the trier of fact at trial.[10]
 {¶ 18} Appellant contends Dr. Mackenzie's affidavit was unreliable because it was contradicted by Dr. Singh's letter and report. In a summary judgment exercise, the evidence is not weighed; rather it is the moving party's burden to point to evidence that demonstrates there is no genuine issue of material fact for trial.[11]
 {¶ 19} Since appellees met their initial burden pursuant to Civ.R. 56 and Dresher v. Burt, we will focus on whether appellant met her reciprocal burden of pointing to evidence that demonstrates the existence of a genuine issue of material fact for trial. Appellant presented her own affidavit, a necropsy report from Dr. Singh, and Dr. Singh's letter to Attorney Masek.
 {¶ 20} Civ.R. 56(C) provides what types of evidentiary material are to be considered by the trial court when determining whether to grant a motion for summary judgment. The rule provides, in part:
 {¶ 21} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule."
 {¶ 22} The unsworn letter from Dr. Singh to Attorney Masek is not the type of evidence that a trial court is permitted to consider in a summary judgment exercise. The letter does not qualify as an affidavit or any other specifically mentioned evidence in Civ.R. 56(C). Likewise, the necropsy report submitted by Dr. Singh is not in the form of an affidavit, nor is there an accompanying affidavit laying a foundation for the report. Neither of these documents are of the type delineated in Civ.R. 56(C). Thus, they are irrelevant for a summary judgment determination.
 {¶ 23} Appellant submitted her own affidavit, wherein she states that Dr. Singh told her that Dr. Mackenzie was "completely negligent"; that Dr. Singh told her that Dr. Mackenzie negligently placed a tube in Leo's throat; that Dr. Singh told her that Dr. Mackenzie "`masked' Leo and for that reason you have to be careful and rotate the animal back and forth so fluid wouldn't settle in the lungs"; and that Dr. Singh told her that Dr. Mackenzie's actions would cause pneumonia.
 {¶ 24} "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit."[12]
 {¶ 25} First, we note that appellant's affidavit was not based upon personal knowledge; rather, it was based upon information provided by Dr. Singh. Next, we note that all of appellant's statements regarding the cause of Leo's death and the alleged negligence of Dr. Mackenzie are hearsay statements from Dr. Singh. These hearsay statements would not be admissible in evidence. Finally, appellant did not demonstrate that she is competent to testify to the matters of veterinary medicine advanced in her affidavit.
 {¶ 26} Appellant failed to meet her reciprocal burden, underDresher v. Burt, of demonstrating a genuine issue of material fact for trial. The materials appellant submitted from Dr. Singh are not of the proper evidentiary quality to be considered in a summary judgment exercise. In addition, the portions of appellant's affidavit suggesting Dr. Mackenzie committed malpractice are not based upon personal knowledge, are inadmissible, and do not demonstrate that she is competent to testify to the subject matter advanced.
 {¶ 27} The trial court did not err by entering summary judgment in favor of appellees. Appellant's assignment of error is without merit.
 {¶ 28} The judgment of the trial court is affirmed.
Grendell, J., concurs,
O'Toole, J., concurs in judgment only.
[1] Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
[2] Civ.R. 56(C).
[3] Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105.
[4] Dresher v. Burt, 75 Ohio St.3d at 293.
[5] Id.
[6] Lewis v. Hendrickson, 4th Dist. No. 02CA18, 2003-Ohio-3756, at ¶ 14, quoting Turner v. Sinha (1989),65 Ohio App.3d 30, 35.
[7] See, e.g., Hoffman v. Davidson (1987), 31 Ohio St.3d 60.
[8] Id. at 61.
[9] (Secondary citations omitted.) Marcum v. Holzer Clinic,Inc., 4th Dist. No. 03CA25, 2004-Ohio-4124, at ¶ 19, citingHoffman v. Davidson, 31 Ohio St.3d at 62.
[10] See Marcum v. Holzer Clinic, Inc., 2004-Ohio-4124, at ¶25, citing Hoffman v. Davidson, supra.
[11] Dresher v. Burt, supra.
[12] Civ.R. 56(E).