OPINION
{¶ 1} Appellant Richard Young ("appellant") appeals the decision of the Stark County Court of Common Pleas that granted Appellee Dr. Robert Spangler's ("appellee") motion for summary judgment on the basis that appellant failed to identify an expert witness that was able to offer standard of care opinions with regard to a general surgeon.
 {¶ 2} Appellant filed this medical malpractice action, against appellee, on February 7, 2005. Paragraphs 4, 5 and 7 of the complaint essentially set forth appellant's allegations. These paragraphs provide as follows:
 {¶ 3} "4.0 Defendant failed to locate the section covered up his mistake by failing to notify plaintiff that he could not locate the identified section.
 {¶ 4} "5.0 * * * The polypops (sic) which should have been removed by defendant have turned cancerous and appear to have spread.
 "* * * {¶ 5} "7.0 As a result of the failure of defendant to notify plaintiff of his inability to remove the section of his colon corrective measures were not employed by plaintiff which would have minimized his damages." Complaint, Feb. 7, 2005, at 1-2.
 {¶ 6} Soon after filing his complaint, appellant provided appellee with a report from his expert witness, Dr. Roy Bugay. Appellee investigated Dr. Bugay's background and discovered that he is an ophthalmologist and has never practiced general surgery. On March 17, 2005, the trial court conducted a pretrial conference. At the pretrial, appellee allegedly informed the trial court that Dr. Bugay is an ophthalmologist and therefore, is not qualified to testify, as an expert witness, about general surgery.
 {¶ 7} On March 30, 2005, the trial court issued a pretrial order that compelled appellant to identify his expert and lay witnesses no later than April 29, 2005. Appellant did not identify a new expert witness by this date. Thereafter, on May 10, 2005, appellee filed a motion for summary judgment on the basis that appellant did not identify a qualified expert witness pursuant to the trial court's scheduling order. The trial court granted appellee's motion on June 7, 2005, finding Dr. Bugay is not qualified, as a matter of law, to offer standard of care opinions with regard to a general surgeon.
 {¶ 8} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 9} "I. THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO DEFENDANT WHEN DEFENDANT FAILED TO PRESENT ANY EVIDENTIARY MATERIAL TO SUPPORT SUMMARY JUDGMENT.
 {¶ 10} "II. THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO DEFENDANT ON THE BASIS THAT PLAINTIFF'S EXPERT WAS UNQUALIFIED."
 I {¶ 11} In his First Assignment of Error, appellant contends the trial court erred when it granted summary judgment to appellee because appellee did not present any evidentiary material to support his motion for summary judgment. We agree.
 {¶ 12} Prior to addressing the merits of appellant's assignments of error, we will set forth the applicable standard of review for summary judgment motions. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 {¶ 13} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *"
 {¶ 14} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421,429, 1997-Ohio-259, citing Dresher v. Burt, (1996),75 Ohio St.3d 280.
 {¶ 15} It is based upon this standard that we review appellant's assignments of error. In his First Assignment of Error, appellant argues appellee failed to identify any portion of the record, in his motion for summary judgment, that demonstrates the absence of a genuine issue of material fact. Specifically, appellant maintains appellee submitted no affidavits nor identified any portion of the record that supports his legal conclusions. Appellant claims that in support of the motion for summary judgment, appellee solely relies upon the trial court's pretrial order that ordered him to identify lay and expert witnesses by April 29, 2005.
 {¶ 16} Further, appellant points out that the pretrial order does not state that he must identify a different medical expert. It merely provides that appellant's witnesses must be identified by April 29, 2005. See Pre-Trial Order/Judgment Entry/Magistrate's Order, Mar. 30, 2005, at 1. Thus, appellant concludes appellee cannot rely upon the pretrial order, in support of his motion for summary judgment, since it does not specifically require him to identify a new expert witness due to the lack of qualifications of Dr. Bugay. Appellant also argues appellee submitted no affidavits to support his motion for summary judgment.
 {¶ 17} In its judgment entry granting appellee's motion for summary judgment, the trial court concluded that appellant's identified expert, Dr. Bugay, who is the same expert appellant identified prior to the pretrial conference on March 17, 2005, was not qualified to offer standard of care opinions. The trial court based its conclusion on the fact that Dr. Bugay is an ophthalmologist and appellee is a general surgeon. Judgment Entry, June 7, 2005, at 3. Further, Dr. Bugay does not state, in his affidavit, that he is familiar with the standard of care of a general surgeon or that he devotes fifty percent of his professional time to the active clinical practice of medicine. Id.
 {¶ 18} The record is devoid concerning what may have been discussed, at the pretrial conference, in March 2005, regarding appellant's identified expert witness. However, it is known that appellant identified Dr. Bugay, as his expert, prior to the pretrial conference, and that the trial court gave him until April 29, 2005, to identify all witnesses. Appellant maintains, on appeal, that Dr. Bugay is more than qualified to testify about the facts supporting his claim.
 {¶ 19} In response, appellee contends that because appellant sets forth a claim for medical malpractice, he was required to present testimony, from a qualified medical expert, that appellee deviated from the standard of care and proximately caused harm to him. Appellee further maintains that appellant's failure to establish the competency of Dr. Bugay is proper grounds for summary judgment.
 {¶ 20} We agree with appellee's general statement of the law that a plaintiff's failure to establish the competency of its medical experts is proper grounds for summary judgment. SeeMarcum v. Holzer Clinic, Inc., Gallia App. No. 03CA25,2004-Ohio-4124, at ¶ 21. However, the issue we first find necessary to address concerns appellee's failure to attach any evidentiary material of the type listed in Civ.R. 56(C) in support of his motion for summary judgment. The evidentiary material set forth in Civ.R. 56(C) is as follows: "* * * pleadings,[1] depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact * * *."
 {¶ 21} Further, Civ.R. 56(E) provides, in pertinent part, as follows:
 {¶ 22} "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."
 {¶ 23} In the case sub judice, the only evidence attached to his motion for summary judgment is the trial court's pretrial order that indicates appellant had until April 29, 2005, to identify his lay and expert witnesses. Appellee argues that appellant failed to identify a qualified expert witness who is critical of appellee and therefore, the trial court properly granted his motion for summary judgment. However, as noted above, the judgment entry does not indicate that the trial court gave appellant until April 29, 2005, to identify a new expert witness because it found, at the pretrial, that Dr. Bugay was not competent to testify. Rather, the document merely establishes that appellant had until that date to name all of his lay and expert witnesses. Further, the pretrial order is not the type of evidentiary material referred to Civ.R. 56(C).
 {¶ 24} In Hoffman v. Davidson (1987), 31 Ohio St.3d 60, 62, the Ohio Supreme Court held that in the absence of an opposing affidavit of a qualified expert witness for the plaintiff, the affidavit of a defendant-treating physician attesting to his compliance with the applicable standard of care presents a legally sufficient basis upon which a trial court may grant a summary judgment motion in a medical malpractice action.
 {¶ 25} Thus, according to the Hoffman decision, appellee, in order to meet his burden, under Civ.R. 56(C), that appellant did not have a qualified expert witness, should have attached an affidavit or some other evidentiary quality material setting forth the facts in support of his claim that appellant was not a qualified witness. In fact, the only mention, in the record, that Dr. Bugay is an ophthalmologist and therefore, may not be qualified to testify about general surgery, is contained in the introduction section of appellee's motion for summary judgment.
 {¶ 26} If appellee had attached an affidavit or other evidentiary material in which he indicated Dr. Bugay did not meet the necessary qualifications to be an expert in this case, the burden would have shifted to appellant to set forth specific facts establishing Dr. Bugay's qualifications as an expert witness. At that time, had appellant attached the affidavit of Dr. Bugay, as his medical expert, it would have been appropriate for the trial court to determine whether Dr. Bugay qualified as an expert witness. However, because appellee did not support his motion for summary judgment with evidentiary material as specified in Civ.R. 56(C), we conclude the trial court erred when it granted appellee's motion for summary judgment.
 {¶ 27} Appellant's First Assignment of Error is sustained. We will not address appellant's Second Assignment of Error as it is moot based upon our disposition of appellant's First Assignment of Error.
 {¶ 28} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
Wise, P.J. Hoffman, J., concurs separately.
Gwin, J., dissents.
[1] "Pleadings" consist of a complaint, an answer, a reply to a counterclaim, an answer to a cross-claim, a third party complaint, and a third party answer. Black's Law Dictionary (6 Ed. 1990) 1152.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
Costs assessed to Appellee.