[Cite as *Darby v. Caterino*, 2012-Ohio-495.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97210**

## NOBLES C. DARBY, III

PLAINTIFF-APPELLANT

vs.

## BARTHOLOMEW M. CATERINO

DEFENDANT-APPELLEE

### JUDGMENT:
### AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-729682

**BEFORE:** Keough, J., S. Gallagher, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** February 9, 2012

**FOR APPELLANT**

Nobles C. Darby, III, pro se
5717 South Boulevard
Maple Heights, OH 44137

**ATTORNEYS FOR APPELLEE**

Alan M. Petrov
Mark D. Thompson
Gallagher Sharp
6th Floor Bulkley Building
1501 Euclid Avenue
Cleveland, OH 44115

KATHLEEN ANN KEOUGH, J.:

{¶ 1}  Plaintiff-appellant, Nobles C. Darby, III, appeals from the trial court's judgment granting the motion for summary judgment of defendant-appellee, Bartholomew M. Caterino, on Darby's claims of legal malpractice against Caterino.   For the reasons that follow, we affirm.

## I.  Procedural History

{¶ 2}   Darby filed this legal malpractice action against Caterino on June 28, 2010. In his complaint, Darby alleged that Caterino, who represented Darby in an underlying action against his former employer, AutoZone, Inc., negligently failed to file the necessary motions to prevent the dismissal of his case against AutoZone and did not file a timely appeal of the dismissal.

**{¶ 3}** Darby and Caterino filed cross-motions for summary judgment. The trial court subsequently granted Caterino's motion and denied Darby's motion; Darby now appeals from that judgment.

## II. Appellant's Assignment of Error

**{¶ 4}** On appeal, Darby does not present this court with an assignment of error as required by App.R. 16(A)(3). Nevertheless, the inference to be drawn from the brief as a whole is that Darby contends that the trial court erred in granting Caterino's motion for summary judgment. Although this court could summarily dismiss Darby's appeal for failure to comply with the appellate rules, *see, e.g., State v. Peoples*, 2d Dist. No. 2005CA20, 2006-Ohio-4162, 2006 WL 2336482, ¶ 24, in the interest of justice, we construe Darby's arguments as raising an assignment of error that the trial court erred in granting Caterino's motion for summary judgment on Darby's legal malpractice claim.

## III. Standard of Review

**{¶ 5}** Appellate review of sumary judgments is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Pursuant to Civ.R. 56, summary judgment is appropriate when: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. *Id*.

**{¶ 6}** The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of

law.  *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996).  Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the adverse party's response, but by affidavit or as otherwise provided in [Civ.R. 56(E)], must set forth specific facts showing that there is a genuine issue for trial."  *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385, 667 N.E.2d 1197 (1996).  Doubts must be resolved in favor of the nonmoving party.  *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 604 N.E.2d 138 (1992).

## IV.  Analysis

{¶ 7}  Upon de novo review, we concur with the trial court's judgment granting Caterino's motion for summary judgment because there are no genuine issues of material fact and reasonable minds could only conclude that Caterino is entitled to judgment as a matter of law.

{¶ 8}  Documents submitted with Caterino's motion for summary judgment demonstrate that this case had its genesis in a pro se complaint filed by Darby on October 28, 2008, against AutoZone, Inc., and subsequently dismissed by the trial court on statute of limitations grounds.  *Darby v. AutoZone*, Cuyahoga C.P. No. CV-674627 (June 18, 2009).

{¶ 9}  In his pro se complaint, Darby alleged that he had experienced medical problems in 2002 and 2003 caused by a stressful environment at AutoZone, and that AutoZone was not responsive to his medical complaints, had engaged in retaliatory conduct, and failed to provide appropriate accommodation for his religious belief.  The

complaint alleged that Darby's employment with AutoZone began in 1998 and ended in 2003.

{¶ 10} In March 2009, AutoZone filed a Civ.R. 12(B)(6) motion to dismiss Darby's complaint in which it argued that the statute of limitations was a complete bar to the complaint. In response, appellee Caterino, who had been retained by Darby in February of 2009, filed an amended complaint that asserted causes of action for negligence, employer intentional tort, and religious discrimination.

{¶ 11} On March 20, 2009, in response to the amended complaint, AutoZone filed a second motion to dismiss and again argued that the statute of limitations barred all of Darby's claims. Specifically, AutoZone argued that Darby's negligence and intentional tort claims were barred by the two-year statute of limitations set forth in R.C. 2305.10, and his religious discrimination claims was barred by the four-year statute of limitations set forth in R.C. 2305.09(D). Caterino filed a brief in opposition to AutoZone's motion for summary judgment in which he argued that the statute of limitations should not apply.

{¶ 12} The trial court granted AutoZone's motion to dismisss. In its journal entry granting the motion, the court stated:

> Giving plaintiff the benefit of the doubt, three causes of action have been alleged: negligence, employer intentional tort, and employment (religious) discrimination. Even if the longest limitations period of four years were applied to every one of these causes of action, plaintiff could not prevail against defendant's motion to dismiss. According to plaintiff, he was employed "from April 1998 to an unknown date during 2003." Even assuming plaintiff's termination date had been December 31, 2003, the last day of 2003, the latest plaintiff could have filed his complaint without being time-barred was December 31, 2007. Plaintiff's original complaint was filed in October of the following year.

Thus, the court concluded that even if the longest conceivable limitation period of four years were applied to every one of Darby's causes of action, and one assumed that Darby's last day of employment with AutoZone was December 31, 2003, the latest date on which he could have timely filed his complaint was December 31, 2007. Because the complaint was not filed until October 28, 2008, the trial court dismissed the case. This action for legal malpractice against Caterino followed.

{¶ 13} A claim for legal malpractice requires proof of the following elements: (1) an attorney-client relationship giving rise to a duty; (2) a breach of that duty; and (3) a causal connection between the conduct complained of and the resulting damage or loss. *See Vahila v. Hall*, 77 Ohio St.3d 421, 674 N.E.2d 1164 (1997), citing *Krahn v. Kinney*, 43 Ohio St.3d 103, 538 N.E.2d 1058 (1989). The plaintiff's failure to prove any one of these elements entitles the defendant– attorney to summary judgment. *Woodrow v. Heintschel*, 194 Ohio App.3d 391, 2011-Ohio-1840, 956 N.E.2d 855, ¶ 17 (6th Dist.), citing *Green v. Barrett*, 102 Ohio App.3d 525, 531-533, 657 N.E.2d 553 (8th Dist.1995).

{¶ 14} Further, a plaintiff must set forth expert testimony to establish that an attorney breached the duty of care owed to the plaintiff. *Roberts v. Hutton*, 152 Ohio App.3d 412, 2003-Ohio-1650, 787 N.E.2d 1267, ¶ 55 (10th Dist.). The only exception to this requirement is when the alleged breach of care is so obvious that it can be determined from the ordinary knowledge and experience of laymen. *State v. Buell*, 22 Ohio St.3d 124, 489 N.E.2d 795 (1986). An affidavit from the defendant–attorney is sufficient to support summary judgment absent an opposing affidavit from a qualified expert witness

for the plaintiff. *Hoffman v. Davidson*, 31 Ohio St.3d 60, 62, 508 N.E.2d 958 (1987).

{¶ 15} In both his motion for summary judgment and his brief in opposition to Caterino's motion for summary judgment, Darby failed to demonstrate a breach of Caterino's duty or a causal connection between that duty and the trial court's dismissal of his complaint against AutoZone. He did not set forth any expert testimony, or produce any evidence demonstrating that Caterino could have avoided the inevitable application of the statute of limitations to his claims, claims that were already time-barred before Darby filed his pro se complaint and before he retained Caterino as counsel. In short, Darby did not produce evidence demonstrating how Caterino could have won a case that was already lost when it was filed.

{¶ 16} In contrast, Caterino's affidavit established that he satisfied the requisite standard of care and thus provided a sufficient basis for summary judgment. Further, Caterino presented authenticated documents from the AutoZone case demonstrating that Darby's claims against AutoZone expired at the latest some ten months before Darby filed his pro se complaint and more than a year before he retained Caterino to represent him, and that the complaint was dismissed by order of the court on statute of limitations grounds.

{¶ 17} In light of this unrebutted evidence, the trial court did not err in granting summary judgment to Caterino. Appellant's assignment of error is therefore overruled.

Affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

SEAN C. GALLAGHER, P.J., and
KENNETH A. ROCCO, J., CONCUR