JOURNAL ENTRY AND OPINION
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct. Prac.R. II, Section 2(A)(1).
{¶ 1} Plaintiff-appellant, Deborah McIntyre ("appellant"), appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I. {¶ 2} This appeal involves a refiled workers' compensation appeal. Appellant's right wrist/hand was injured on July 31, 1996 during her employment at Arrow International, Inc. ("Arrow"). On March 27, 1997, her claim for carpal tunnel syndrome of the right wrist was allowed by the Bureau of Workers' Compensation.
 {¶ 3} Appellant's original case involved her appeal of the industrial commission's refusal to hear the further administrative appeal of her claimed additional allowance of tendinitis right wrist diagnosis. Appellant voluntarily dismissed that action on April 9, 2004. On April 7, 2005, appellant refiled her case. Contemporaneous with its answer, on May 11, 2005, Arrow served discovery requests on appellant. On October 5, 2005, appellant served discovery requests on Arrow.
 {¶ 4} On November 28, 2005, appellant responded to Arrow's discovery requests. However, rather than submit a detailed expert report, appellant simply provided a three-year-old, one-page letter, dated January 8, 2003, from her physician of record, Dr. Patel. Appellant's discovery responses indicated that Dr. Patel's letter was the only expert evidence she would rely upon to carry her burden *Page 4 
in the case at bar.[1] Eventually, the trial court granted Arrow's motion for immediate sanctions on November 29, 2005. On December 8, 2005, Arrow filed its motion for summary judgment. Appellant filed her opposition to Arrow's motion for summary judgment, resting her opposition primarily on her treating physician's unsworn expert report. The trial court granted Arrow's motion for summary judgment on February 8, 2006. On March 3, 2006, appellant filed her appeal to this court.
 II. {¶ 5} Appellant's first assignment of error states the following: "The trial court erred in dismissing this case as to all defendants, because separate defendant BWC did not join in separate defendant Arrow International's motion for summary judgment."
 {¶ 6} Appellant's second assignment of error states the following: "The trial court erred in granting summary judgment in favor of defendant Arrow International, because a genuine issue of material fact exists regarding the causal connection between plaintiff's industrial accident and subsequent tendinitis."
 {¶ 7} Appellant's third assignment of error states the following: "The trial court erred in granting summary judgment in favor of defendant Arrow International, because defendant's motion for summary judgment improperly relied on Evid.R. 702." *Page 5 
 {¶ 8} Appellant's fourth assignment of error states the following: "The trial court erred in granting summary judgment in favor of defendant Arrow International, because even if Evid.R. 702 was appropriate, plaintiff's expert testimony would be sufficient."
 III. {¶ 9} Appellant argues in her first assignment of error that the lower court erred in dismissing this case as to all defendants because BWC did not join in Arrow's motion for summary judgment.
 {¶ 10} When reviewing a trial court's summary judgment decision, an appellate court conducts a de novo review. See, e.g., Grafton v. OhioEdison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241. Accordingly, an appellate court must independently review the record to determine if summary judgment is appropriate. We need not defer to the trial court's decision. See Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704, 711, 622 N.E.2d 1153; Morehead v. Conley (1991),75 Ohio App.3d 409, 411-12, 599 N.E.2d 786. Thus, in determining whether a trial court properly granted a motion for summary judgment, an appellate court must review the standard for granting a motion for summary judgment as set forth in Civ.R. 56, as well as the applicable law. Civ.R. 56(C) provides, in relevant part:
 "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment *Page 6 
as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 11} Thus, a trial court may not grant summary judgment unless the evidence demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahila v. Hall, 77 Ohio St.3d 421, 429-30, 1997-Ohio-259,674 N.E.2d 1164.
 {¶ 12} As support for appellant's argument in the case at bar, she argues that the trial court erred in dismissing this case as to all defendants, because it did not intend to dismiss the case as toboth defendants. However, we find appellant's argument to be misguided. Appellant argues that although the "final" box on the journal entry half sheet was checked, the court may have actually intended to check the "partial" box. However, appellant failed to provide any evidence to support her assertion.
 {¶ 13} Appellant further argues on page five of her appellate brief that "this appeal is not ripe." We find this argument to be misguided as well. As plaintiff is the *Page 7 appellant, and not the appellee in this case, she filed the appeal. For her to now argue that her own appeal is "not ripe" is logically inconsistent. Appellant's argument taken to its logical conclusion would result in appellant's appeal being dismissed for a lack of a final appealable order, thereby resulting in appellant dismissing her own appeal.
 {¶ 14} Accordingly, we find appellant's first assignment of error to be without merit.
 {¶ 15} Appellant argues in her second assignment of error that the lower court erred because a genuine issue of material fact existed regarding the causal connection between her industrial accident and subsequent tendinitis.
 {¶ 16} Appellant argues that her proffered evidence, the reports by Dr. Patel, establish that a genuine issue of material fact exist. However, we do not find merit in appellant's argument. Appellant is attempting to utilize an unsworn expert report; this report lacks an affidavit and is improper.
 {¶ 17} Unsworn medical expert reports are not "sufficient and acceptable" evidentiary materials and must be incorporated by reference into a "properly framed affidavit." Rogoff v. King (1993),91 Ohio App.3d 438. In the case at bar, appellant's expert, Dr. Patel, provided an unsworn expert report, which was not incorporated through a sworn affidavit. Without Dr. Patel's sworn report, there is no evidence in the record establishing any causal connection between appellant's *Page 8 
previously allowed condition of right wrist carpal tunnel syndrome and her requested additional allowance for tendinitis.
 {¶ 18} Furthermore, appellant had ample opportunity to submit an affidavit of Dr. Patel in support of his January 8, 2003 letter. Appellant also had the opportunity to attach or reference additional evidence to her memorandum in opposition to summary judgment. We find the lower court's actions to be proper.
 {¶ 19} Accordingly, we find appellant's second assignment of error to be without merit.
 {¶ 20} Because of the substantial interrelation between appellant's third and fourth assignments of error, we shall address them together. Appellant argues in her third assignment of error that the trial court erred because Arrow's motion for summary judgment improperly relied on Evid.R. 702. Appellant argues in her last assignment of error that the trial court erred in granting summary judgment in favor of defendant Arrow International, because even if Evid.R. 702 was appropriate, plaintiff's expert testimony would be sufficient.
 {¶ 21} Evid.R. 702 provides the following:
 "A witness may testify as an expert if all of the following apply:
 (A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons;
 (B) The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony; *Page 9 
 (C) The witness' testimony is based on reliable scientific, technical, or other specialized information. To the extent that the testimony reports the result of a procedure, test, or experiment, the testimony is reliable only if all of the following apply:
 (1) The theory upon which the procedure, test, or experiment is based is objectively verifiable or is validly derived from widely accepted knowledge, facts, or principles;
 (2) The design of the procedure, test, or experiment reliably implements the theory;
 (3) The particular procedure, test, or experiment was conducted in a way that will yield an accurate result."
 {¶ 22} In order for an expert's testimony to comply with the requirements of Evid.R. 702(C), the expert's opinion must be reliable. In making this determination, the court focuses on whether the principles and methods an expert employs to reach an opinion are reliable, not whether the conclusions are correct. Additionally, to be admissible, the expert testimony must assist the trier of fact in determining a fact issue or understanding the evidence. Miller v. BikeAthletic. Co., 80 Ohio St.3d 607, 1998-Ohio-178.
 {¶ 23} In Daubert v. Merrell Dow Pharmaceuticals, Inc. (1993),509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469, the United States Supreme Court discussed the question of when expert scientific testimony is relevant and reliable. In Daubert, the court was faced with the issue of whether certain scientific evidence was admissible in a birth defects case. The trial court, in excluding the expert testimony, relied uponFrye v. United States (1923), 54 App.D.C. 46, 293 F. 1013, which held that an expert's opinion is inadmissible unless it has gained "general acceptance" in the *Page 10 
relevant scientific community. 293 F. at 1014. The Daubert court
expressly rejected this argument and reversed the granting of summary judgment. Instead, it held, under Evid.R. 702, that expert scientific testimony is admissible if it is reliable and relevant to the task at hand. Id. at 589, 113 S.Ct. at 2795, 125 L.Ed.2d at 480.
 {¶ 24} To determine reliability, the Daubert court stated that a court must assess whether the reasoning or methodology underlying the testimony is scientifically valid. 509 U.S. at 592-293,113 S.Ct. at 2796, 125 L.Ed.2d at 482. In evaluating the reliability of scientific evidence, several factors are to be considered: (1) whether the theory or technique has been tested, (2) whether it has been subjected to peer review, (3) whether there is a known or potential rate of error, and (4) whether the methodology has gained general acceptance. Id. at 593-594,113 S.Ct. at 2797, 125 L.Ed.2d at 482-483. Although these factors may aid in determining reliability, the inquiry is flexible. Id. at 594,113 S.Ct. at 2797, 125 L.Ed.2d at 483-484. The focus is "solely on principles and methodology, not on the conclusions that they generate." Id. at 595, 113 S.Ct. at 2797, 125 L.Ed.2d at 484.
 {¶ 25} In the case at bar, appellant relies solely on Dr. Patel's purported expert witness report regarding a causal connection between her prior workplace injury and her current request for additional allowance. However, Dr. Patel's report is insufficient. Dr. Patel's report simply states that appellant's tendinitis is causally connected to her prior workplace injury of six years ago. *Page 11 
 {¶ 26} Appellant never produced Dr. Patel's qualifications or curriculum vitae to Arrow.[2] Moreover, in his January 8, 2003 letter, Dr. Patel failed to set forth any principles or tests on which he relied, specific records he reviewed in forming his opinion, or how he came to the conclusion that appellant's tendinitis was causally connected to her prior injury from six years ago.
 {¶ 27} Accordingly, appellant's third and fourth assignments of error are overruled.
Judgment affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P. J., and MARY EILEEN KILBANE, J., CONCUR
[1] See appellant's discovery responses attached to Arrow's motion for summary judgment at Exhibit C.
[2] See Arrow's supplemental memorandum in support of motion for immediate sanctions at 2. *Page 1