DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Erie County Court of Common Pleas that granted summary judgment in favor of appellee in appellant's negligence action. For the following reasons, the judgment of the trial court is affirmed.
 {¶ 2} Appellant sets forth two assignments of error:
 {¶ 3} "Assignment of Error No. 1
 {¶ 4} "The trial court abused its discretion and erred as a matter of law when it granted summary judgment in favor of the appellee in the absence of the appellee *Page 2 
producing evidence or specifically pointing to anything in the record that comports with the evidentiary materials set forth in Civil Rule 56(C).
 {¶ 5} "Assignment of Error No. 2
 {¶ 6} "The trial court erred as a matter of law when it granted summary judgment in favor of the appellee because the evidence when construed in favor of the appellant established that genuine issues of material fact exist."
 {¶ 7} On November 1, 2005, appellant and appellee entered into an agreement for the lease of the second and third floors of a residential building owned by appellee. On June 30, 2006, appellant filed a complaint in which he alleged that the heating and ventilating system was not in safe working condition when he moved in and that he had been made sick by high levels of carbon monoxide gas released into the apartment through a faulty heating system. Appellant alleged that appellee was under a statutory duty to keep the premises in a fit and habitable condition, that appellee negligently maintained the heating and ventilating fixtures, and that as a direct and proximate result of appellee's negligence, he sustained serious bodily harm.
 {¶ 8} Appellee filed a timely answer and, on June 15, 2007, filed a motion for summary judgment. Appellant filed an objection to the motion for summary judgment and appellee filed a reply along with a motion to strike the exhibits appellant had attached to his objection. On August 29, 2007, the trial court granted appellee's motion for summary judgment. In so doing, the trial court found that appellant had not filed any material of evidentiary quality in support of his memorandum in response to summary *Page 3 
judgment and that merely affixing unsworn documents to a response, as appellant had done, does not meet the requirements of Civ.R. 56(C). The trial court therefore ordered four of the five exhibits stricken, leaving only an interrogatory answer which identified the name of one of appellant's treating physicians. The trial court concluded that appellant had provided nothing of evidentiary quality for the court to consider and that he had not met his evidentiary burden.
 {¶ 9} We will address both assignments together. Appellant is essentially arguing that the trial court erred by granting summary judgment.
 {¶ 10} An appellate court must employ a de novo standard of review of the trial court's summary judgment decision, applying the same standard used by the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129; Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
 {¶ 11} Appellant argues that appellee failed to satisfy his initial burden because he did not produce any evidence to support his motion. Appellant also argues that the trial court erred by placing the burden of proof upon him, as the non-movant, without appellee first establishing from the record that appellant could not prove his case at trial.
 {¶ 12} Appellee moved for summary judgment on the basis that appellant had not provided expert reports to support either a violation of the duties appellee owed as a *Page 4 
landlord or any causal relationship between a breach of duty and plaintiffs personal injury. Appellee asserted in the trial court that the facts suggested by appellant should be stricken from the record and not considered because they were not supported by "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any timely filed in the action" as Civ.R. 56(C) requires. The trial court agreed with appellee.
 {¶ 13} Merely affixing unsworn documents to a response to summary judgment does not meet the requirements of Civ.R. 56(C). SeeDiakakis v. W. Res. Veterinary Hosp., 11th Dist. No. 2004-T-0151,2006-Ohio-201, ¶ 22; McIntyre v. Arrow International Inc., 8th Dist. No. 87845, 2007-Ohio-712, ¶ 17.
 {¶ 14} We note that the record in this case reflects that the trial court's deadline for submitting expert disclosure and reports as well as evidentiary materials passed without appellant filing any such documents. Appellant did not request additional time to produce any reports, affidavits, depositions or other evidence as permitted by Civ.R. 56(C).
 {¶ 15} Based on the foregoing, we find that no genuine issues of material fact exist as to whether appellee's actions constituted a breach of his statutory duties as a landlord. Therefore, appellant is entitled to judgment as a matter of law. Accordingly, appellant's first and second assignments of error are not well-taken.
 {¶ 16} On consideration whereof, this court finds that appellant was not prejudiced and the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is *Page 5 
ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., William J. Skow, J., Thomas J. Osowik, J. CONCUR. *Page 1