OPINION
 {¶ 1} Appellant, Larry J. Hoyle, appeals from the September 5, 2006 judgment of the Ashtabula County Court of Common Pleas, granting the motion for summary judgment for appellees, Dr. Sitta Gombeh and Kathleen Newell.
 {¶ 2} Statement of Facts and Procedural History
 {¶ 3} This appeal stems from a medical malpractice action appellant filed on March 4, 2005. The gist of his complaint was that appellees were negligent in the *Page 2 
diagnosis and treatment of scabies and subsequent skin maladies. Appellant was treated by appellees while he was (and is currently still) incarcerated at the Lake Erie Correctional Institution. The trial court granted appellees' motion for summary judgment on the ground that appellant failed to provide any expert testimony to rebut appellees' own expert affidavits regarding the standard of care. The trial court also overruled appellees' motion to compel discovery and/or motion to dismiss for failure to prosecute, and found that appellant's motion to compel discovery was moot.
 {¶ 4} Subsequently, appellant timely appealed raising the following six assignments of error:
 {¶ 5} "[1.] The court abused its discretion when it ruled on summary judgment in favor of the defendants when the manifest weight of the evidence clearly shows a genuine issue of material fact.
 {¶ 6} "[2.] The court abused its discretion when it determined that it is not so apparent that plaintiff suffered any injuries even though the injuries are documented and undisputed.
 {¶ 7} "[3.] It was improper for the court to credit the affidavits of the defendants over those of the plaintiff's.
 {¶ 8} "[4.] The court abused it's [sic] discretion when it failed to rule on plaintiff's motion to compel discovery in a timely manner.
 {¶ 9} "[5.] It was improper for the court to rule on summary judgment when the defendants clearly tampered with the evidence in this case. *Page 3 
 {¶ 10} "[6.] The court abused it's [sic] discretion when it erroneously ruled that without the support of an expert medical opinion that plaintiff failed to raise some issue of material fact."
 {¶ 11} Because we conclude that an expert witness was needed to establish a prima facie case on appellant's claim for medical malpractice, and since we find the remaining assignments of error to be without merit, we affirm.
 {¶ 12} Standard of Review
 {¶ 13} We review first whether summary judgment was properly granted in favor of appellees. A review of a summary judgment is de novo. Thus, we apply the same standard as the trial court. Lipp v. Kwyer, 6th Dist. No. L-02-1150, 2003-Ohio-3988, at ¶ 10, citing Grafton v. Ohio EdisonCo. (1996), 77 Ohio St.3d 102, 105. Summary judgment is proper when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made; that party being entitled to have the evidence construed most strongly in his or her favor. Furness v. Pois (2000), 11th Dist. No. 99-P-0014, 2000 Ohio App. LEXIS 6120, at 18, citing Civ.R. 56(C), Leibreich v. A.J. Refrigeration,Inc. (1993), 67 Ohio St.3d 266, 268.
 {¶ 14} Once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."Lipp *Page 4 
at ¶ 10, quoting Civ.R. 56(E); Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, 111.
 {¶ 15} "In order to establish medical malpractice, a plaintiff must prove by a preponderance of the evidence that the injury complained of was the proximate result of a physician/surgeon's negligence. To prove that negligence, a plaintiff must show the existence of a standard of care within the medical community, breach of that standard of care by the defendant/physician, and proximate cause between the medical negligence and the injury sustained." Lipp at ¶ 12, citing Bruni v.Tatsumi (1976), 46 Ohio St.2d 127, 131-132.
 {¶ 16} The Ohio Supreme Court in Bruni explained: "`[p]roof of malpractice, in effect, requires two evidentiary steps: evidence as to the recognized standard of the medical community in the particular kind of case, and a showing that the physician in question negligently departed from this standard in his treatment of plaintiff.'"Lipp at ¶ 12, quoting Bruni at 131. Thus, "[w]hether the physician or surgeon has proceeded in the treatment of a patient with the requisite standard of care and skill must ordinarily be determined from the testimony of experts." Lipp at ¶ 12, citing Bruni at 130.
 {¶ 17} An exception, however, does exist from the requirement of expert testimony, but only when "the lack of skill or care is so apparent as to be within the comprehension of laymen and requires only common knowledge and experience for an understanding of it." Id.
 {¶ 18} Medical Malpractice Expert Testimony Requirement
 {¶ 19} The first, second, third, and sixth assignments of error raise the same overarching issue of whether the trial court erred in granting summary judgment in favor *Page 5 
of appellees. Since we find that appellant failed to submit any expert medical testimony in support of his medical malpractice claim, we find that the trial court properly granted summary judgment in appellees' favor.
 {¶ 20} In the present case, both appellees attached affidavits to their motion for summary judgment, averring that both had complied with acceptable standards of care in rendering appellant medical care and treatment; and that neither had proximately caused any injury alleged through any action or inaction. Appellant introduced his own affidavit, which restated the basic facts of the complaint. However, appellant did not offer an affidavit from any expert to rebut appellees' affidavits regarding the standard of care, breach of that standard of care, and proximate cause between the breach and the alleged injury.
 {¶ 21} We first note that this case does not fall under the "common knowledge exception," which would obviate the need for expert witness testimony on a malpractice claim. Lipp at ¶ 14, citing Buerger v. OhioDept. of Rehab. Corr. (1989), 64 Ohio App.3d 394, 399. In general, the common knowledge exception may be asserted in those cases which involve instances of gross inattention during patient care or miscommunication with the patient. Lipp at ¶ 14.
 {¶ 22} Unlike that genre of cases, the instant case involves an alleged misdiagnosis and/or delayed diagnosis and treatment of a skin disease or diseases. A review of the evidence does not indicate that scabies and the unknown skin disease appellant suffered from is something within a layperson's general knowledge. Thus, in order to rebut appellees' affidavits submitted with their summary judgment motion, appellant was required to submit his own expert medical testimony as evidence that the *Page 6 
standard of care was not met in this case. Since appellant did not do so, summary judgment for appellees was warranted.
 {¶ 23} As the Tenth Appellate District Court noted in theBuerger decision, a similar case dealing with the common judgment exception in the diagnosis and treatment of hypertension: "In any event, such fundamental medical judgments on diagnosis and treatment would not be within the common knowledge of jurors. While plaintiff may argue that he did not receive the best treatment, it is his burden to show that he did not receive adequate treatment. In this case, he could only do that by means of providing expert testimony so that the court could determine the degree to which his treatment varied from the standard of care." Id. at 400.
 {¶ 24} As the trial court also correctly noted, appellees' own affidavits may establish the standard of care, even if they are self-serving. As we ruled in Diakakis v. W. Res. Veterinary Hosp., 11th Dist. No. 2004-T-0151, 2006-Ohio-201, at ¶ 17, many affidavits are self-serving, but this does not "render the expert opinion incompetent or inadmissible, rather, the self-serving nature of the opinion is an issue going to the credibility of the witness that is left for the trier of fact at trial."
 {¶ 25} To clarify, at the time of summary judgment, the trial court is not ruling on the weight of evidence as appellant contends in his first assignment of error. "[i]t is the moving party's burden to point to evidence that demonstrates there is no genuine issue of material fact for trial." Id. at ¶ 18. Once the moving party has met their burden, the nonmoving party must produce evidence which establishes there does exist a genuine issue of material fact. Id. at ¶ 12. Since appellant failed to provide any evidence to *Page 7 
rebut appellees' expert testimony, no negligence has been alleged that falls below the standard of care established in this case.
 {¶ 26} Although appellant listed the doctors he intended to call at trial, this is not sufficient to counter appellees' affidavits. In a similar case, the Supreme Court of Ohio, in Hoffman v. Davidson (1987),31 Ohio St.3d 60, 62, held that without opposing expert testimony, the expert testimony in evidence establishes the standard of care and further explained: "Plaintiffs' listing of doctors upon whom they intended to rely to support their claims was not sufficient to counter Davidson's affidavit. Plaintiffs included no doctor's reports in their answers to the interrogatories and, therefore, there was no genuine issue of fact presented to the trial court."
 {¶ 27} Appellant also contends that his own affidavit should serve as expert medical testimony. Although appellant claims he has "medical training," without more, this does not render him a competent expert witness under Evid.R. 601(D).
 {¶ 28} There is simply nothing in the record except appellant's own self-serving statement that he has undergone some type of medical training at a medical college. This is simply insufficient for appellant to be deemed a medical expert.
 {¶ 29} Appellant further claims the trial court erred in ruling that no injury exists. However, contrary to this assertion, the trial court did recognize appellant's skin condition in its judgment entry. Regardless, the fact that appellant suffered from a skin disorder is not what is at issue; rather it is the diagnosis and treatment of the skin disease that is relevant and whether appellant suffered further injuries from the alleged diagnosis and treatment by appellees. *Page 8 
 {¶ 30} We determine appellant has failed to set forth any expert medical testimony necessary to rebut appellees' affidavits and demonstrate that appellant's treatment fell below the standard of care. Summary judgment was properly granted in favor of appellees.
 {¶ 31} We conclude these four assignments of error lack merit.
 {¶ 32} Denial of Motion to Compel
 {¶ 33} As for appellant's assignment of error that the trial court erroneously denied appellant's motion to compel, we conclude there was no abuse of discretion. The standard of review of a trial court's decision in discovery matters is whether the court abused its discretion. Mauzy v. Kelly Services, Inc. (1996), 75 Ohio St.3d 578,592. Abuse of discretion connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary, or unconscionable attitude on the part of the court." Quonset Hut, Inc. v. Ford MotorCo. (1997), 80 Ohio St.3d 46, 47, citing Pembaur v. Leis (1982),1 Ohio St.3d 89, 91. Ruling on appellant's motion to compel, the trial court found that appellees had sufficiently responded to the discovery request, and that appellant was specifically objecting to the answers given to appellant's interrogatories. Furthermore, since the case was decided on summary judgment at the same hearing as the motion to compel, the issue was rendered moot. Therefore, the trial court properly dismissed appellant's motion to compel.
 {¶ 34} Appellant's assignment of error lacks merit.
 {¶ 35} Destruction of Evidence
 {¶ 36} Finally, appellant alleges that appellees tampered and destroyed evidence; thus, summary judgment was not properly granted. Since we conclude that *Page 9 
there is no evidence in the record to support this assertion, we find appellant's assignment of error lacks merit.
 {¶ 37} Conclusion
 {¶ 38} As there is no genuine issue of material fact in this case, we affirm the judgment of the trial court, finding summary judgment was properly granted in favor of appellees.
 WILLIAM M. O'NEILL, J., DIANE V. GRENDELL, J., concur. *Page 1